■ In the Matter of JOSEPH N., an Infant. HEART SHARE HUMAN SERVICES OF NEW YORK et al., Respondents; BRENDA E., Appellant. [846 NYS2d 359]—In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of the Family Court, Kings County (Freeman, J.), dated March 24, 2006, which denied her motion, in effect, to vacate an order of fact-finding and disposition (one paper) of the same court dated August 9, 2005, which, upon, inter alia, her default in appearing at the fact-finding and dispositional hearings, terminated her parental rights, and transferred guardianship and custody of the subject child to the Commissioner of Social Services of the City of New York and Heart Share Human Services of New York, Roman Catholic Diocese of Brooklyn for the purpose of adoption.

Ordered that the order is affirmed, without costs or disbursements.

The mother failed to appear at both the fact-finding hearing and the subsequent dispositional hearing. The mother's failure to appear at those hearings constituted a default and the Family Court properly proceeded by inquest (*see Matter of David John D.,* 38 AD3d 661, 662 [2007]).

A parent seeking to vacate a default in a termination of parental rights proceeding must establish a reasonable excuse for the default, as well as a meritorious defense to the proceeding (*see* CPLR 5015 [a] [1]; *Matter of Fa'Shon S.,* 40 AD3d 863 [2007]; *Matter of David John D.,* 38 AD3d at 662; *Matter of Michael William O.,* 16 AD3d 511 [2005]). The determination whether to relieve a party of a default is a matter left to the sound discretion of the Family Court (*see Matter of Viergela A.,* 40 AD3d 630, 631 [2007]; *Matter of Samantha P.,* 297 AD2d 348 [2002]). Here, the mother presented neither a meritorious defense to the termination petition nor a reasonable excuse for her failure to appear at the fact-finding hearing (*see Matter of Ricky V.,* 4 AD3d 368, 368-369 [2004]; *Matter of Samantha P.,* 297 AD2d 348 [2002]; *Matter of Iris R.,* 295 AD2d 521 [2002]; *see also Matter of Danielle R.,* 239 AD2d 305 [1997]). Accordingly, the Family Court properly denied the motion to vacate. Crane, J.P., Fisher, Carni and McCarthy, JJ., concur.