■ In the Matter of DANIEL MARCUS Y., Also Known as DANIEL Y., a Child Alleged to be Permanently Neglected. SCO FAMILY OF SERVICES et al., Respondents; MARILYN Y., Also Known as MARILYN J.Y. and Another, Appellant. (Proceeding No. 1.) In the Matter of KEITH WAYNE B.Y., Also Known as KEITH B.Y. and Others, a Child Alleged to be Permanently Neglected. SCO FAMILY OF SERVICES et al., Respondents; MARILYN Y., Also Known as MARILYN J.Y. and Another, Appellant. (Proceeding No. 2.) In the Matter of KEISHA NICOLE Y.B., Also Known as KEISHA Y.B. and Others, a Child Alleged to be Permanently Neglected. SCO FAMILY OF SERVICES et al., Respondents; MARILYN Y., Also Known as MARILYN J.Y. and Another, Appellant. (Proceeding No. 3.) In the Matter of KERRY JAMAL Y.B., Also Known as KERRY Y.B. and Others, a Child Alleged to be Permanently Neglected. SCO FAMILY OF SERVICES et al., Respondents; MARILYN J.Y. and Another, Appellant. (Proceeding No. 4.) In the Matter of KIA KIANNA B., Also Known as KIA B. and Others, a Child Alleged to be Permanently Neglected. SCO FAMILY OF SERVICES et al., Respondents; MARILYN Y., Also Known as MARILYN J.Y. and Another, Appellant, et al., Respondent. (Proceeding No. 5.) [909 NYS2d 378]—In five related proceedings to terminate parental rights pursuant to Social Services Law § 384-b on the ground of permanent neglect, the mother appeals from five orders (one as to each child) of the Family Court, Queens County (McGowan, J.), all dated May 5, 2008, which denied those branches of her motion which were to vacate five orders (one as to each child) of fact-finding and disposition of the same court (Freidman, J.), dated November 9, 2007, which, upon her default in appearing at the fact-finding and dispositional hearings, terminated her parental rights and transferred guardianship and custody of the children to the Commissioner of Social Services of the City of New York and the petitioner SCO Family of Services, for the purpose of adoption.

Ordered that the orders are affirmed, without costs or disbursements.

A parent seeking to vacate an order entered upon his or her default in a termination of parental rights proceeding must establish that there was a reasonable excuse for the default and a potentially meritorious defense to the relief sought in the petition (*see* CPLR 5015 [a] [1]; *Matter of David John D.*, 38 AD3d 661 [2007]; *Matter of Miguel M.-R.B.*, 36 AD3d 613 [2007]). The determination of whether to relieve a party of a default is within the sound discretion of the Family Court (*see Matter of Princess M.*, 58 AD3d 854 [2009]; *Matter of Capri Alexis R.*, 48 AD3d 821 [2008]). Here, the mother failed to present a reasonable excuse

for her default and failed to set forth a potentially meritorious defense. Accordingly, the Family Court providently exercised its discretion in denying her motion to vacate the orders of fact-finding and disposition entered upon her default. Fisher, J.P., Dillon, Florio and Lott, JJ., concur.