■ In the Matter of KENNETH S., Respondent, v BETHZAIDA P., Appellant, and COMMISSIONER OF ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondents. [943 NYS2d 762]—In guardianship proceedings pursuant to Family Court Act article 6, the mother appeals from so much of an order of the Family Court, Queens County (Anixiadis, Ct. Atty. Ref.), dated March 18, 2011, as denied her motion to vacate an order of the same court dated October 15, 2010, appointing the petitioner permanent guardian of the subject children upon the mother's default in appearing at a continued permanency hearing.

Ordered that the order dated March 18, 2011, is affirmed insofar as appealed from, without costs or disbursements.

The determination whether to relieve a party of a default is a matter which is left to the sound discretion of the Family Court (*see Matter of Joseph N.*, 45 AD3d 849 [2007]; *Matter of Viergela A.*, 40 AD3d 630 [2007]; *Matter of Samantha P.*, 297 AD2d 348 [2002]). In order to vacate her default, the mother was required to show that there was a reasonable excuse for the default and a potentially meritorious defense (*see Matter of Viergela A.*, 40 AD3d 630 [2007]; *Matter of Iris R.*, 295 AD2d 521 [2002]; *Matter of Angel Joseph S.*, 282 AD2d 752 [2001]). Here, the mother failed to meet either of these requirements.

The mother's claim that she failed to appear at the continued hearing because she was delayed in traffic was unsupported by any evidence or explanatory details. In fact, the mother never appeared in court on the day of the default (*cf. Matter of Kindra B.*, 296 AD2d 456 [2002]). Moreover, the proferred explanation was undermined by the fact that the mother did not even advise her attorney of her excuse until almost 90 minutes after the time she was scheduled to appear in court. The mother also failed to demonstrate a potentially meritorious defense (*see Matter of Capri Alexis R.*, 48 AD3d 821 [2008]).

The mother's remaining contentions are without merit.

Accordingly, under the circumstances, the Family Court did not improvidently exercise its discretion in denying the mother's motion to vacate an order dated October 15, 2010, appointing the petitioner permanent guardian of the subject children upon the mother's default in appearing at the continued permanency hearing (*see Matter of Joseph N.*, 45 AD3d 849 [2007]; *Matter of Ricky V.*, 4 AD3d 368 [2004]). Skelos, J.P., Florio, Belen and Sgroi, JJ., concur.