In the Matter of MIA P.R.D., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DAVID D., Appellant. (Proceeding No. 1.) In the Matter of SPENCER D.D., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DAVID D., Appellant. (Proceeding No. 2.) [979 NYS2d 111]—

The appeal from so much of the order dated August 16, 2012, as denied those branches of the father's motion which were to vacate the determination in the order dated January 18, 2012, reinstating two orders, both dated October 24, 2011, and to vacate the determination in those two orders terminating his parental rights and transferring custody of the subject children, must be dismissed as academic, since the children were legally adopted on June 15, 2012, and the father took no action to stay or challenge the adoption (*see Matter of Shamika K.L.N. [Melvin S.L.]*, 101 AD3d 729 [2012]). Nevertheless, the father's challenge to the finding of the Family Court that he abandoned the subject children, which was made in an order entered upon his failure to appear, is not academic, since a finding of abandonment, like a finding of neglect, constitutes " 'a permanent and significant stigma' " that might indirectly affect the father's status in future proceedings (*Matter of Najad D. [Kiswana M.]*, 99 AD3d 707, 708 [2012], quoting *Matter of Ifeiye O.*, 53 AD3d 501, 501 [2008]; *see also Matter of Mahogany Z. [Wayne O.]*, 72 AD3d 1171 [2010]).

Contrary to the father's contention, the Family Court properly denied that branch of his motion which sought to vacate the determination that he abandoned the subject children, which was made in an order entered upon his default. "A parent seeking to vacate an order entered upon his or her default in a termination of parental rights proceeding must establish that there was a reasonable excuse for the default and a potentially meritorious defense to the relief sought in the petition" (*Matter of Daniel Marcus Y. [Marilyn Y.]*, 77 AD3d 843, 843 [2010]; *see* CPLR 5015 [a] [1]; *Matter of David John D.*, 38 AD3d 661, 662 [2007]; *Matter of Miguel M.-R.B.*, 36 AD3d 613, 614 [2007]). "The determination of whether to relieve a party of a default is within the sound discretion of the Family Court" (*Matter of Daniel Marcus Y. [Marilyn Y.]*, 77 AD3d at 843; *see Matter of*

*Princess M.*, 58 AD3d 854, 854 [2009]; *Matter of Capri Alexis R.*, 48 AD3d 821, 822 [2008]). Here, the father established neither a reasonable excuse for his default in appearing nor a potentially meritorious defense.

The father's remaining contention is without merit. Skelos, J.P., Dillon, Dickerson and Austin, JJ., concur.