■ In the Matter of STEPHEN DANIEL A. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; SANDRA M.-A., Appellant, et al., Respondent. [996 NYS2d 707]—

In a proceeding, inter alia, pursuant to Social Services Law § 384-b to terminate parental rights on the grounds of mental illness and permanent neglect, the mother appeals from an order of fact-finding and disposition of the Family Court, Queens County (Salinitro, J.), dated September 10, 2013, which, upon an order of the same court dated August 19, 2013, denying her motion to vacate her default in appearing at a fact-finding hearing, among other things, terminated her parental rights and transferred custody and guardianship of the subject child to the Commissioner of the New York City Administration for Children's Services and MercyFirst for the purpose of adoption.

Ordered that on the Court's own motion, the notice of appeal from the order dated August 19, 2013, is deemed to be a premature notice of appeal from the order of fact-finding and disposition dated September 10, 2013 (*see* CPLR 5520 [c]); and it is further,

Ordered that the appeal from the order of fact-finding and disposition dated September 10, 2013, is dismissed, without costs or disbursements, except insofar as it brings up for review the interlocutory order dated August 19, 2013, as no appeal lies from a portion of an order entered on the default of the appealing party (*see* CPLR 5511; *Matter of Jah-Meik S.C. [Sara C.]*, 108 AD3d 696 [2013]); and it is further,

Ordered that the order of fact-finding and disposition dated September 10, 2013, is affirmed insofar as reviewed, without costs or disbursements.

In 2001, the New York City Administration for Children's Services (hereinafter the ACS) commenced a child protective proceeding pursuant to Family Court Act article 10 against the mother and the father of the subject child. In an order of fact-finding dated July 13, 2005, made after a fact-finding hearing, the Family Court found, inter alia, that the mother and the father abused the subject child. In an order of disposition dated September 23, 2008, and entered in the child protective proceeding, the Family Court, among other things, placed the subject child in the custody of the Commissioner of Social Services of the City of New York until the next permanency hearing.

In 2008, the ACS and MercyFirst commenced the instant proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the grounds of mental illness and permanent neglect, and for a determination that the father's consent to the subject child's adoption was not required pursuant to Domestic Relations Law § 111 (1) (d). In an order of fact-finding and disposition dated October 19, 2011, made after a fact-finding hearing at which the mother appeared pro se, the Family Court terminated the parental rights of the mother and the father, and transferred guardianship and custody of the subject child to MercyFirst and the Commissioner of the ACS for the purpose of adoption. The mother and the father separately appealed from that order. On that appeal, this Court affirmed the order of fact-finding and disposition insofar as appealed from by the father, and reversed the order of fact-finding and disposition insofar as appealed from by the mother, on the ground that the Family Court failed to conduct the requisite "searching inquiry" before permitting the mother to proceed pro se. We thereupon remitted the matter to the Family Court, Queens County, for a new fact-finding hearing on the petition insofar as asserted against the mother, and a new determination thereafter (*see Matter of Stephen D.A. [Sandra M.-A.]*, 101 AD3d 1109 [2012]).

Upon remittal, the Family Court again permitted the mother

to proceed pro se, albeit this time with an assigned "legal representative" as her assistant. On July 26, 2013, the Family Court conducted a new fact-finding hearing on the petition insofar as asserted against the mother, who failed to appear, although her assigned legal representative did appear, and participated in the proceeding to the extent possible. At the close of the fact-finding hearing, the Family Court found that the mother was presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the subject child. The mother then moved to vacate her default in appearing at the fact-finding hearing. In an order dated August 19, 2013, the Family Court denied the mother's motion to vacate her default. In an order of fact-finding and disposition dated September 10, 2013, made upon the mother's default in appearing at the fact-finding hearing, and upon the order dated August 19, 2013, the Family Court again terminated the mother's parental rights and transferred guardianship and custody of the subject child to MercyFirst and the Commissioner of the ACS for the purpose of adoption.

Contrary to the mother's contention, the Family Court providently exercised its discretion in denying her motion to vacate her default in appearing at the fact-finding hearing. "The determination of whether to relieve a party of a default is within the sound discretion of the Family Court" (*Matter of Mia P.R.D. [David D.]*, 113 AD3d 679, 680 [2014]). " 'A parent seeking to vacate an order entered upon his or her default in a termination of parental rights proceeding must establish that there was a reasonable excuse for the default and a potentially meritorious defense to the relief sought in the petition' " (*id.* at 680, quoting *Matter of Daniel Marcus Y. [Marilyn Y.]*, 77 AD3d 843, 843 [2010]; *see* CPLR 5015 [a] [1]). Here, the mother failed to present a reasonable excuse, as the record reflects that, although the door to the courtroom where the hearing was conducted may have been inadvertently locked when the mother first arrived, she was advised by cell phone shortly thereafter by her legal representative that the door was unlocked, and that she should "[c]ome back now" for the hearing. The record further reveals that the court granted the mother a brief recess to appear, but she failed to appear at any point during the hearing, without any explanation for her failure to return to the courtroom (*see Matter of Kenneth S. v Bethzaida P.*, 95 AD3d 1022 [2012]; *Matter of Dominique Beyonce R. [Maria Isabel R.]*, 82 AD3d 984 [2011]). Since the mother failed to establish a reasonable excuse for her default, we need not reach the issue of whether she presented a potentially meritorious defense to the allegations in the petition (*see Matter of Gustave-Francois v Francois*, 88 AD3d 881 [2011]).

The mother's remaining contentions are either without merit or not properly before this Court. Mastro, J.P., Hall, Roman and Maltese, JJ., concur.