■ In the Matter of ARIANNA-SAMANTHA LADY MELISSA S. and Another, Children Alleged to be Neglected. CARISSA S., Appellant; COMMUNITY COUNSELING & MEDIATION, Respondent. [23 NYS3d 31]—

Orders of fact-finding and disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about January 6, 2015, which, to the extent appealable, found that respondent mother permanently neglected the subject children, unanimously affirmed, without costs. Order, same court and Judge, entered on or about February 9, 2014, which denied the mother's motion to vacate the orders of disposition terminating her parental rights upon inquest following her default in appearance, unanimously affirmed, without costs.

As to the fact-finding portions of the orders, the agency demonstrated by clear and convincing evidence that it made the requisite diligent efforts (*see* Social Services Law § 384-b [7] [a]), and the mother failed to show that she had complied with required mental health treatment and services (*see Matter of Julianna Victoria S. [Benny William W.]*, 89 AD3d 490 [1st Dept 2011], *lv denied* 18 NY3d 805 [2012]), visited the children consistently (*see Matter of Calvario Chase Norall W. [Denise W.]*, 85 AD3d 582 [1st Dept 2011]), obtained safe and secure housing, or otherwise addressed the issues which led to the children's placement in the first instance (*see Matter of Jaileen X.M. [Annette M.]*, 111 AD3d 502, 503 [1st Dept 2013], *lv denied* 22 NY3d 859 [2014]).

No appeal lies from the dispositional portions of the orders of fact-finding and disposition, since the mother defaulted at the

dispositional hearing (*see Matter of Jaquan Tieran B. [Latoya B.]*, 105 AD3d 498, 499 [1st Dept 2013]).

The court properly exercised its discretion in denying the mother's motion to vacate the dispositional orders entered on her default, since she failed to demonstrate a reasonable excuse for her failure to appear at the hearing and a potentially meritorious defense (*see* CPLR 5015 [a] [1]; *see e.g. Matter of Yadori Marie F. [Osvaldo F.]*, 111 AD3d 418, 419 [1st Dept 2013]). In particular, her contention that she experienced unexpected subway delays and long security lines at the courthouse, and was unable to contact her attorney during the trip, did not constitute a reasonable excuse, especially in light of her repeated tardiness and absences during the proceedings, as well as a lack of evidence in support of her purported excuse (*see Matter of Nasir Levon L. [Ashley Bernadette B.]*, 110 AD3d 565 [1st Dept 2013], *lv dismissed* 22 NY3d 1099 [2014]; *Matter of Male H.*, 179 AD2d 384, 385 [1st Dept 1992], *lv dismissed in part, denied in part* 79 NY2d 1026 [1992]; *Matter of Laura Mariela R.*, 302 AD2d 300 [1st Dept 2003]; *Matter of Amirah Nicole A. [Tamika R.]*, 73 AD3d 428 [1st Dept 2010], *lv dismissed* 15 NY3d 766 [2010]). In any event, the mother failed to provide evidence in support of a meritorious defense other than her conclusory statement that, were the hearing to be reopened, she would testify that she was ready, willing and able to care for the children (*see Matter of Lenea'jah F. [Makeba T.S.]*, 105 AD3d 514 [1st Dept 2013]). Indeed, the record evidence is to the contrary.

Moreover, the court properly credited the caseworker's testimony which demonstrated that it was in the children's best interests for the mother's rights to be terminated to enable the children to be adopted by their long-term foster mother, who has provided a loving and stable home, for both children, for nearly their entire lives, and with whom they are thriving (*Matter of Ciara Lee C. [Lourdes R.]*, 67 AD3d 437 [1st Dept 2009], *lv dismissed* 14 NY3d 756 [2010]).

We have considered the mother's remaining arguments and find them unavailing. Concur—Tom, J.P., Renwick, Saxe and Kapnick, JJ.