■ In the Matter of KIMBERLY S.K. FORESTDALE, INC., Respondent; KIMBERLY K., Appellant. (Proceeding No. 1.) In the Matter of KRISTEN K. FORESTDALE, INC., Respondent; KIMBERLY K., Appellant. (Proceeding No. 2.) In the Matter of KIRSTIN J.K. FORESTDALE, INC., Respondent; KIMBERLY K., Appellant. (Proceeding No. 3.) [29 NYS3d 505]—

Appeal from an order of the Family Court, Queens County (Barbara Salinitro, J.), dated December 17, 2014. The order denied the mother's motion to vacate her default in appearing at a hearing on the petitioner's motion to revoke a suspended judgment and to terminate the mother's parental rights.

Ordered that the order is affirmed, without costs or disbursements.

The three subject children were removed from the mother's care in March 2010 following an incident of domestic violence between the mother and her husband, who is the father of the two youngest children. The children were placed in foster care and the mother was allowed supervised visitation. In March 2012, the petitioner commenced this proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights. In July 2013, the mother admitted that she had permanently neglected the children, and the Family Court entered a suspended judgment for a period of one year. On

May 23, 2014, the petitioner moved to revoke the suspended judgment on the ground that the mother had violated the terms and conditions of the suspended judgment, and to terminate her parental rights. A hearing was held, but the mother failed to appear. The hearing proceeded without her, and the court thereafter revoked the suspended judgment and terminated the mother's parental rights. The mother subsequently moved to vacate her default. The court denied that motion on the ground that the mother failed to present a reasonable excuse for her failure to appear. The mother appeals.

Contrary to the mother's contention, the Family Court providently exercised its discretion in denying her motion to vacate her default in appearing at the violation hearing. "The determination of whether to relieve a party of a default is within the sound discretion of the Family Court" (*Matter of Mia P.R.D. [David D.]*, 113 AD3d 679, 680 [2014] [internal quotation marks omitted]). " 'A parent seeking to vacate an order entered upon his or her default in a termination of parental rights proceeding must establish that there was a reasonable excuse for the default and a potentially meritorious defense to the relief sought in the petition' " (*id.* at 680, quoting *Matter of Daniel Marcus Y. [Marilyn Y.]*, 77 AD3d 843, 843 [2010]; *see* CPLR 5015 [a] [1]).

Here, the mother failed to present a reasonable excuse for her default. Although the mother claimed that she could not take public transportation to the hearing because she had injured her ankle approximately three months earlier, the record reflects that she was able to attend her medical and physical therapy appointments, and she was observed walking outside more than two months before the hearing. Moreover, the mother failed to explain why she did not contact her attorney or the petitioner to explain that she was unable to attend the hearing (*see Matter of Stephen Daniel A. [Sandra M.-A.]*, 122 AD3d 837 [2014]; *Matter of Kenneth S. v Bethzaida P.*, 95 AD3d 1022 [2012]). Since the mother failed to establish a reasonable excuse for her default, we need not reach the issue of whether she presented a potentially meritorious defense (*see Matter of Stephen Daniel A. [Sandra M.-A.]*, 122 AD3d at 839; *Matter of Gustave-Francois v Francois*, 88 AD3d 881 [2011]). Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.