**13** In the Matter of ISABELLA R.W. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JESSICA W., Appellant. [36 NYS3d 205]—

Appeal from an order of the Family Court, Orange County (Lori Currier Woods, J.), dated February 4, 2015. The order denied the mother's motion to vacate two orders of fact-finding and disposition, both dated January 12, 2015, which, upon her failure to appear at a continued fact-finding hearing, among other things, terminated her parental rights and transferred custody and guardianship of the subject child to the Orange County Department of Social Services for the purpose of adoption.

Ordered that the order dated February 4, 2015, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the mother's motion which was to vacate the dispositional portions of the orders of fact-finding and disposition dated January 12, 2015, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated February 4, 2015, is affirmed, without costs or disbursements, the dispositional portions of the orders of fact-finding and disposition dated January 12, 2015, are vacated, and the matter is remitted to the Family Court, Orange County, for a dispositional hearing in accordance herewith and new dispositions thereafter.

In these proceedings pursuant to Social Services Law § 384-b and Family Court Act article 6 to terminate the mother's parental rights on the ground that she is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the subject child, and on the ground of permanent neglect, the mother failed to appear at a continued fact-finding hearing on December 9, 2014. The Family Court completed the hearing on that date as an inquest and made factual findings, upon the mother's default, that the

petitions were established. The court determined that a dispositional hearing was unwarranted and immediately made dispositions, upon the mother's default, terminating the mother's parental rights and freeing the child for adoption. Orders of fact-finding and disposition dated January 12, 2015, were entered, determining that the mother permanently neglected the subject child and that she is a mentally ill parent as defined in Social Services Law § 384-b (6) (a), terminating her parental rights and transferring custody and guardianship of the subject child to the Orange County Department of Social Services for the purpose of adoption. The mother thereafter moved pursuant to CPLR 5015 (a) (1) to vacate the orders of fact-finding and disposition. The Family Court denied the motion, and the mother appeals.

The determination of whether to relieve a party of a default is within the sound discretion of the Family Court (*see Matter of Stephen Daniel A. [Sandra M.-A.]*, 122 AD3d 837, 839 [2014]; *Matter of Mia P.R.D. [David D.]*, 113 AD3d 679, 680 [2014]). A parent seeking, pursuant to CPLR 5015 (a) (1), to vacate an order entered upon his or her default in a termination of parental rights proceeding must establish that there was a reasonable excuse for the default and a potentially meritorious defense to the relief sought in the petition (*see* CPLR 5015 [a] [1]; *Matter of Stephen Daniel A. [Sandra M.-A.]*, 122 AD3d 837 [2014]; *Matter of Mia P.R.D. [David D.]*, 113 AD3d 679 [2014]; *Matter of Daniel Marcus Y. [Marilyn Y.]*, 77 AD3d 843, 843 [2010]). Here, the Family Court did not improvidently exercise its discretion in determining that the mother failed to meet her burden on that branch of her motion which was to vacate the fact-finding portions of the orders of fact-finding and disposition.

However, the Family Court improvidently exercised its discretion in denying that branch of the mother's motion which was to vacate the dispositional portions of the orders of fact-finding and disposition. Although, in the context of a proceeding pursuant to Social Services Law § 384-b to terminate parental rights based on mental illness, a separate dispositional hearing is not necessarily required in every case (*see Matter of Joseph Lawrence S.*, 56 AD3d 785, 786 [2008]; *cf. Matter of Joyce T.*, 65 NY2d 39, 46 [1985]), the circumstances of this case were not such that a separate dispositional hearing was unwarranted (*see Matter of Joyce T.*, 65 NY2d at 46; *Matter of Christina L.N. [Louica J.]*, 113 AD3d 777, 778 [2014]). Furthermore, in the case of permanent neglect, the Family Court may not dispense with a dispositional hearing in the

absence of the consent of the parties (*see* Family Ct Act §§ 631, 625 [a]; *Matter of Orange County Dept. of Social Servs. [Randolph L.]*, 250 AD2d 853 [1998]; *Matter of Department of Social Servs. v Janna C.*, 237 AD2d 603, 605 [1997]). Consequently, the mother was entitled to vacatur of the dispositional portions of the orders of fact-finding and disposition in the interest of justice (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]; *Brown v Brown*, 136 AD3d 852, 853 [2016]; *Matter of Ariel G. v Greysy C.*, 133 AD3d 749, 751 [2015]; *Matter of Sims v Boykin*, 130 AD3d 835, 837 [2015]; *Nationscredit Fin. Servs. Corp. v Atherley*, 91 AD3d 922 [2012]). Accordingly, we grant that branch of the mother's motion which was to vacate the dispositional portions of the orders of fact-finding and disposition and remit the matter to the Family Court, Orange County, for a dispositional hearing and new dispositions thereafter. Mastro, J.P., Sgroi, Duffy and Brathwaite Nelson, JJ., concur.