■ In the Matter of NATHALIE D.N., Also Known as NATHALIE N. and Another. NEW YORK FOUNDLING HOSPITAL, Respondent; NATHANIEL H.N. IV, Also Known as NATHANIEL H.N. and Another, Appellant, et al., Respondent. [51 NYS3d 167]—

Appeal by the father from an order of the Family Court, Richmond County (Arnold Lim, J.), dated March 1, 2016. The order denied the father's motion to vacate his default in appearing at a fact-finding hearing wherein the court determined that his consent to the adoption of the subject child is not required pursuant to Domestic Relations Law § 111.

Ordered that the order is affirmed, without costs or disbursements.

In this proceeding to terminate parental rights pursuant to Social Services Law § 384-b, the father's sole contention is that the Family Court should have vacated his default in appearing at a fact-finding hearing wherein the court determined that his consent to the adoption of the subject child is not required pursuant to Domestic Relations Law § 111. The determination of whether to relieve a party of a default is a matter left to the sound discretion of the Family Court (*see Matter of Annette J.S.J. [Rebecca F.]*, 106 AD3d 1087, 1087 [2013]; *Matter of Joseph N.*, 45 AD3d 849, 849 [2007]). In a proceeding to terminate parental rights, a parent must show that there was a reasonable excuse for the default and a potentially meritori-

ous defense in order to establish his or her entitlement to vacatur of the default (see CPLR 5015 [a] [1]; *Matter of Isabella R.W. [Jessica W.],* 142 AD3d 503, 504 [2016]; *Matter of Joshua E.R. [Yolaine R.],* 123 AD3d 723, 725 [2014]; *Matter of Stephen Daniel A. [Sandra M.-A.],* 122 AD3d 837, 839 [2014]). Contrary to the father's contention, he failed to provide a reasonable excuse for his failure to appear. He failed to present detailed information or documentation to substantiate his claim of a delay in transportation, and he did not explain his failure to contact his attorney or the court about the alleged delay (see *Matter of Joshua E.R. [Yolaine R.],* 123 AD3d at 724-725; *Matter of Ilyas Zaire A.-R. [Habiba A.-R.],* 104 AD3d 512, 513 [2013]; *cf. Matter of Arianna-Samantha Lady Melissa S. [Carissa S.],* 134 AD3d 582, 583 [2015]; *Matter of Nathalie A.,* 145 AD2d 629, 630 [1988]). Since the father failed to establish a reasonable excuse for his default, we need not reach the issue of whether he presented a potentially meritorious defense to the relief sought in the petition (see *Matter of Stephen Daniel A. [Sandra M.-A.],* 122 AD3d at 839; *Matter of Miguel M.-R.B.,* 36 AD3d 613, 614 [2007]). Accordingly, the court providently exercised its discretion in denying the father's motion to vacate his default. Mastro, J.P., Sgroi, Maltese and Duffy, JJ., concur.