◼ In the Matter of CLARENCE D.H. SEAMEN'S SOCIETY FOR CHILDREN AND FAMILIES et al., Respondents; FIDELINA A., Appellant. [52 NYS3d 667]—

Appeal from an order of the Family Court, Richmond County (Karen Wolff, J.), dated July 8, 2016. The order denied the mother's motion to vacate an order of fact-finding and disposition of the same court dated February 16, 2016, which, upon her failure to appear at a fact-finding and dispositional hearing and after an inquest, among other things, terminated her parental rights on the ground of abandonment, and transferred custody and guardianship of the subject child to the Commissioner of the Administration for Children's Services of the City of New York and Seamen's Society for Children and Families for the purpose of adoption.

Ordered that the order dated July 8, 2016, is affirmed, without costs or disbursements.

In this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the mother's parental rights on the ground of abandonment, the mother failed to appear at the fact-finding and dispositional hearing held on January 28, 2016, and was found to be in default. The Family Court

conducted a fact-finding and dispositional inquest, and, in an order of fact-finding and disposition dated February 16, 2016, inter alia, determined that the subject child was an abandoned child, terminated the mother's parental rights, and transferred custody and guardianship of the subject child to the Commissioner of the Administration for Children's Services of the City of New York and Seamen's Society for Children and Families for the purpose of adoption. Thereafter, the mother moved to vacate her default. The Family Court denied the mother's motion, and the mother appeals.

The determination of whether to relieve a party of a default is within the sound discretion of the Family Court (*see Matter of Isabella R.W. [Jessica W.]*, 142 AD3d 503, 504 [2016]; *Matter of Kimberly S.K. [Kimberly K.]*, 138 AD3d 853, 854 [2016]; *Matter of Stephen Daniel A. [Sandra M.-A.]*, 122 AD3d 837, 839 [2014]; *Matter of Mia P.R.D. [David D.]*, 113 AD3d 679, 680 [2014]). A parent seeking, pursuant to CPLR 5015 (a) (1), to vacate an order entered upon his or her default in a termination of parental rights proceeding must establish that there was a reasonable excuse for the default and a potentially meritorious defense to the relief sought in the petition (*see* CPLR 5015 [a] [1]; *Matter of Isabella R.W. [Jessica W.]*, 142 AD3d at 504; *Matter of Stephen Daniel A. [Sandra M.-A.]*, 122 AD3d at 839; *Matter of Mia P.R.D. [David D.]*, 113 AD3d at 680; *Matter of Daniel Marcus Y. [Marilyn Y.]*, 77 AD3d 843, 843 [2010]). Contrary to the mother's contention, she failed to provide a reasonable excuse for her default (*see Matter of Barack Darnell B. [Chera B.]*, 133 AD3d 529 [2015]; *Matter of Deyquan M.B. [Lashon H.]*, 124 AD3d 644, 645 [2015]; *Matter of Gloria Marie S.*, 55 AD3d 320, 320-321 [2008]; *Matter of Fa'Shon S.*, 40 AD3d 863 [2007]; *Matter of Devon Dupree F.*, 298 AD2d 103, 103 [2002]). The mother also presented no defense at all in support of her application to vacate her default (*see Matter of Joshua E.R. [Yolaine R.]*, 123 AD3d 723, 725 [2014]). Accordingly, the Family Court providently exercised its discretion in denying her motion to vacate the order of fact-finding and disposition entered upon her default. Dillon, J.P., Leventhal, Miller and Brathwaite Nelson, JJ., concur.