■ In the Matter of BRANDON G., JR. COALITION FOR HISPANIC FAMILY SERVICES, Respondent; TIYNIA M., Appellant, et al., Respondent. [63 NYS3d 484]—

Appeal by the mother from an order of the Family Court, Kings County (Lillian Wan, J.), dated September 30, 2016. The order denied the mother's motion to vacate so much of an order of fact-finding and disposition of the same court dated August 19, 2016, as, upon her failure to appear at a fact-finding and dispositional hearing, and after an inquest, terminated her parental rights on the ground of abandonment, and transferred custody and guardianship of the subject child to the Coalition for Hispanic Family Services for the purpose of adoption.

Ordered that the order dated September 30, 2016, is affirmed, without costs or disbursements.

In this proceeding, inter alia, pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the ground of abandonment, the mother failed to appear at the fact-finding and dispositional hearing held on February 16, 2016, and was found to be in default. The Family Court conducted a fact-finding and dispositional inquest, inter alia, determined that the subject child was an abandoned child, terminated the mother's parental rights, and transferred custody and guardianship of the subject child to the Coalition for Hispanic Family Services for the purpose of adoption. Thereafter, the mother moved to vacate her default. The Family Court denied the mother's motion, and the mother appeals.

The determination of whether to relieve a party of a default is within the sound discretion of the Family Court (*see Matter of Clarence D.H. [Fidelina A.]*, 150 AD3d 1113, 1114 [2017]; *Matter of Isabella R.W. [Jessica W.]*, 142 AD3d 503, 504 [2016]; *Matter of Kimberly S.K. [Kimberly K.]*, 138 AD3d 853, 854 [2016]; *Matter of Stephen Daniel A. [Sandra M.-A.]*, 122 AD3d 837, 839 [2014]; *Matter of Mia P.R.D. [David D.]*, 113 AD3d 679, 680 [2014]). A parent seeking to vacate an order entered

upon his or her default in a termination of parental rights proceeding must establish that there was a reasonable excuse for the default and a potentially meritorious defense to the relief sought in the petition (*see* CPLR 5015 [a] [1]; *Matter of Clarence D.H. [Fidelina A.]*, 150 AD3d at 1114; *Matter of Isabella R.W. [Jessica W.]*, 142 AD3d at 504; *Matter of Stephen Daniel A. [Sandra M.-A.]*, 122 AD3d at 839; *Matter of Mia P.R.D. [David D.]*, 113 AD3d at 680; *Matter of Daniel Marcus Y. [Marilyn Y.]*, 77 AD3d 843, 843 [2010]).

Contrary to the mother's contention, she failed to provide a reasonable excuse for her default (*see Matter of Paul G.D.H. [Yvonne H.]*, 147 AD3d 699, 699 [2017]; *Matter of Arianna-Samantha Lady Melissa S. [Carissa S.]*, 134 AD3d 582, 583 [2015]; *Matter of Deyquan M.B. [Lashon H.]*, 124 AD3d 644, 645 [2015]; *Matter of Joshua E.R. [Yolaine R.]*, 123 AD3d 723, 725 [2014]; *Matter of Sean Michael N. [Lydia T.—Shawn N.]*, 106 AD3d 561, 561 [2013]; *Matter of Kenneth S. v Bethzaida P.*, 95 AD3d 1022, 1023 [2012]; *Matter of Dominique Beyonce R. [Maria Isabel R.]*, 82 AD3d 984, 985 [2011]). Because the mother does not have a reasonable excuse for her default, we need not determine whether she has a potentially meritorious defense (*see Matter of Serwatka v Serwatka*, 147 AD3d 1066, 1066 [2017]; *Matter of Kimberly S.K. [Kimberly K.]*, 138 AD3d at 854; *Matter of Stephen Daniel A. [Sandra M.-A.]*, 122 AD3d at 839; *Matter of Proctor-Shields v Shields*, 74 AD3d 1347, 1348 [2010]).

Accordingly, the Family Court providently exercised its discretion in denying the mother's motion to vacate the order of fact-finding and disposition entered upon her default. Dillon, J.P., Cohen, Connolly and Christopher, JJ., concur.