Matter of Johanna B. (Grace B.) (2018 NY Slip Op 00136)





Matter of Johanna B. (Grace B.)


2018 NY Slip Op 00136


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-01249
 (Docket Nos. B-5826-16, B-5830-16)

[*1]In the Matter of Johanna B. (Anonymous). Suffolk County Department of Social Services, respondent; Grace B. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Josiah B. (Anonymous). Suffolk County Department of Social Services, respondent; Grace B. (Anonymous), appellant. (Proceeding No. 2)


Marina M. Martielli, East Quogue, NY, for appellant.
Dennis M. Brown, County Attorney, Riverhead, NY (Jayne St. James of counsel), for respondent.
Laurette Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the children.



DECISION & ORDER
Appeal from an order of the Family Court, Suffolk County (Theresa Whelan, J.), dated January 4, 2017. The order denied the mother's motion to vacate an order of fact-finding and disposition of that court dated August 3, 2016, which, upon her failure to appear at a hearing after an inquest, terminated her parental rights on the ground of permanent neglect, and transferred custody and guardianship of the subject children to the Suffolk County Department of Social Services for the purpose of adoption.
ORDERED that the order dated January 4, 2017, is affirmed, without costs or disbursements.
In these two related proceedings pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the ground of permanent neglect, the mother was sent written notice that if she failed to appear in court on a scheduled hearing date, an inquest would be held in her absence. The mother failed to appear and the Family Court conducted an inquest in her absence. The court found that the mother did not satisfy the requirement, imposed on her in a prior order, that she successfully complete a drug rehabilitation program, including follow-up treatment, and did not visit with the children regularly. The court found that the mother had permanently neglected the children, and committed guardianship and custody of the children to the Suffolk County Department of Social Services for the purpose of adoption. The mother moved pursuant to CPLR 5015 to vacate the order entered upon her default. The court denied the mother's motion, finding that she had failed to set forth a reasonable excuse or a potentially meritorious defense to warrant vacatur of the order. [*2]The mother appeals.
The determination of whether to relieve a party of a default is within the sound discretion of the Family Court (see Matter of Isabella R.W. [Jessica W.], 142 AD3d 503, 504; Matter of Kimberly S.K. [Kimberly K.], 138 AD3d 853, 854; Matter of Stephen Daniel A. [Sandra M.-A.], 122 AD3d 837, 839). A parent seeking to vacate an order entered upon his or her default in a termination of parental rights proceeding must establish a reasonable excuse for the default, as well as a potentially meritorious defense to the relief sought in the petition (see CPLR 5015[a][1]; Matter of Isabella R.W. [Jessica W.], 142 AD3d at 504; Matter of Kimberly S.K. [Kimberly K.], 138 AD3d at 854; Matter of Stephen Daniel A. [Sandra M.-A.], 122 AD3d at 839).
Here, the Family Court providently exercised its discretion in denying the mother's motion to vacate the order entered upon her default. The mother failed to show a reasonable excuse for her default. The court determined that the mother's excuse that she was unaware of the court date was not credible. This determination is supported by the record, and should not be disturbed (see Matter of Irene O., 38 NY2d 276; Matter of Iris G. [Angel G.], 144 AD3d 908, 908; Matter of Bullard v Clark, 154 AD3d 846). Because the mother did not have a reasonable excuse for her default, this Court need not determine whether she established that she had a potentially meritorious defense (see Matter of Brandon G. [Tiynia D.], 155 AD3d 626, 627; Matter of Nathalie D.N. [Nathaniel H.], 149 AD3d 750).
RIVERA, J.P., COHEN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court