Matter of Elysia R.M. (Shamaya M.) (2018 NY Slip Op 03366)





Matter of Elysia R.M. (Shamaya M.)


2018 NY Slip Op 03366


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2017-00420
 (Docket Nos. B-1201-14, B-1202-14)

[*1]In the Matter of Elysia R. M. (Anonymous). New York Foundling Hospital, petitioner-respondent; Shamaya M. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Richard M. (Anonymous). New York Foundling Hospital, petitioner-respondent; Shamaya M. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)


Rhonda R. Weir, Brooklyn, NY, for appellant.
Salvatore C. Adamo, New York, NY, attorney for the children.



DECISION & ORDER
In two related proceedings pursuant to Social Services Law § 384-b, the mother appeals from an order of the Family Court, Richmond County (Karen Wolff, J.), dated December 15, 2016. The order denied the mother's motion, inter alia, to vacate an order of fact-finding and disposition of the same court dated November 16, 2015, which, upon her default, terminated her parental rights on the ground of permanent neglect.
ORDERED that the order dated December 15, 2016, is affirmed, without costs or disbursements.
In March 2014, the New York Foundling Hospital filed petitions alleging that the mother had permanently neglected her children, Elysia R. M. and Richard M. (hereinafter together
the subject children). On October 9, 2015, the Family Court held a fact-finding and dispositional hearing at which the mother failed to appear. In an order of fact-finding and disposition dated November 16, 2015, entered upon the mother's default, the court found that the mother had permanently neglected the subject children, terminated the mother's parental rights, and freed the subject children for adoption. In October 2016, the mother moved to vacate the order of fact-finding and disposition, and to restore the matter to the calendar for a new hearing. By order dated December 15, 2016, the court denied the motion. The mother appeals, contending that she had a reasonable excuse for her failure to appear at the hearing, and a meritorious defense to the allegations of permanent neglect.
The determination of whether to relieve a party of a default is within the sound discretion of the Family Court (see Matter of Clarence D.H. [Fidelina A.], 150 AD3d 1113, 1114; Matter of Isabella R.W. [Jessica W.], 142 AD3d 503, 504; Matter of Kimberly S.K. [Kimberly K.], 138 AD3d 853, 854; Matter of Stephen Daniel A. [Sandra M.-A.], 122 AD3d 837, 839; Matter of Mia P.R.D. [David D.], 113 AD3d 679, 680). A parent seeking to vacate an order entered upon his or her default in a termination of parental rights proceeding must establish that there was a reasonable excuse for the default and a potentially meritorious defense to the relief sought in the [*2]petition (see CPLR 5015[a][1]; Matter of Clarence D.H. [Fidelina A.], 150 AD3d at 1114; Matter of Isabella R.W. [Jessica W.], 142 AD3d at 504; Matter of Stephen Daniel A. [Sandra M.-A.], 122 AD3d at 839; Matter of Mia P.R.D. [David D.], 113 AD3d at 680; Matter of Daniel Marcus Y. [Marilyn Y.], 77 AD3d 843, 843).
Here, the Family Court providently exercised its discretion in denying the mother's motion, as she failed to establish a reasonable excuse for her failure to appear at the hearing. Although the mother claimed that she was unable to attend the hearing due to transit delays, she submitted no documentary evidence to substantiate her claim in her affidavit (see Matter of Joshua E.R. [Yolaine R.], 123 AD3d 723, 725; Matter of Kenneth S. v Bethzaida P., 95 AD3d 1022, 1023; Matter of Arianna-Samantha Lady Melissa S. [Carissa S.], 134 AD3d 582, 583; Matter of Chelsea Antoinette A. [Anna S.], 88 AD3d 627, 627). Additionally, we note that the conclusory assertions in the mother's affidavit were insufficient to establish the existence of a potentially meritorious defense to the allegations of permanent neglect (see Matter of Raphanello J.N.L.L. [Rasheem L.], 119 AD3d 580, 580-581; Matter of Jenna C. [Omisa C.], 81 AD3d 941, 942; Matter of Anthony Christopher G., 18 AD3d 469, 470; Matter of Vanessa F., 9 AD3d 464).
Accordingly, the Family Court providently exercised its discretion in denying the mother's motion to vacate the order of fact-finding and disposition entered upon her default, and to restore the matter to the calendar for a new hearing.
MASTRO, J.P., RIVERA, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court