Matter of Isabella R. W. (Jessica W.) (2018 NY Slip Op 03531)





Matter of Isabella R. W. (Jessica W.)


2018 NY Slip Op 03531


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-01827
2017-01829
 (Docket Nos. B-1545-14, B-1841-14)

[*1]In the Matter of Isabella R. W. (Anonymous). Orange County Department of Social Services, respondent; Jessica W. (Anonymous), appellant.


Michael D. Meth, Chester, NY, for appellant.
Langdon C. Chapman, County Attorney, Goshen, NY (Christine Foy-Stage and Peter Schwarz of counsel), for respondent.
Ronna L. DeLoe, New Rochelle, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b and Family Court Act article 6, the mother appeals from two orders of disposition of the Family Court, Orange County (Lori Currier Woods, J.), both dated January 20, 2017. The orders, insofar as appealed from, upon remittitur from this Court by decision and order dated August 3, 2016, and after a dispositional hearing, terminated the mother's parental rights on the grounds of permanent neglect and mental illness, respectively, and transferred custody and guardianship of the child to the Orange County Department of Social Services for the purpose of adoption.
ORDERED that the orders are affirmed insofar as appealed from, without costs or disbursements.
The subject child was born in June 2012. Three months later, the child was removed from her mother's care and placed in foster care. In 2014, the Orange County Department of Social Services (hereinafter the DSS) commenced these proceedings pursuant to Social Services Law § 384-b and Family Court Act article 6 to terminate the mother's parental rights on the grounds of mental illness and permanent neglect, respectively. After the mother failed to appear at a continued fact-finding hearing, the Family Court completed the hearing as an inquest and made factual findings, upon the mother's default, that the petitions were established. The court determined that a dispositional hearing was unwarranted and immediately made dispositions, upon the mother's default, terminating the mother's parental rights and freeing the child for adoption. In an order dated February 4, 2015, the court denied the mother's motion pursuant to CPLR 5015(a)(1) to vacate the orders of fact-finding and disposition. On the mother's appeal, this Court modified the order dated February 4, 2015, so as to grant that branch of her motion which was to vacate the dispositional portions of the orders of fact-finding and disposition. This Court otherwise affirmed the order dated February 4, 2015, and remitted the matter to the Family Court, Orange County, for a dispositional hearing and new dispositions thereafter (see Matter of Isabella R.W. [Jessica W.], 142 AD3d 503).
Following the dispositional hearing upon remittitur, the Family Court determined that the child's best interests would be served by terminating the mother's parental rights and freeing the child for adoption. In two orders of disposition dated January 20, 2017, the court determined that the mother permanently neglected the child and that she is a mentally ill parent as defined in Social Services Law § 384-b(6)(a), terminated her parental rights, and transferred custody and guardianship of the child to the DSS for the purpose of adoption. The mother appeals from so much of the orders as terminated her parental rights and transferred custody and guardianship of the child to the DSS for the purpose of adoption.
At the dispositional stage of a proceeding to terminate parental rights, the court focuses solely on the best interests of the child, and there shall be no presumption that such interests will be promoted by any particular disposition (see Family Ct Act § 631; Matter of Star Leslie W., 63 NY2d 136, 147-148; Matter of Adams v Administration for Children's Services-Queens, 122 AD3d 840). The court may: (1) dismiss the petition if the allegations are not established; (2) suspend judgment for up to one year; or (3) terminate parental rights, freeing the child for adoption (see Family Ct Act §§ 631, 633[b]). Contrary to the mother's contention, the Family Court properly determined that the child's best interests would be served by terminating her parental rights and freeing the child for adoption by the foster parents, with whom the child has resided for virtually her entire life and is thriving (see Matter of Shaolin E.P. [Jettris P.], 91 AD3d 954, 955; Matter of Keynyha Shante Marie B. [Craig B.], 76 AD3d 1063, 1063; Matter of "Baby Boy" E., 42 AD3d 536, 536-537).
BALKIN, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court