Matter of Anita J.U. (Jennifer A.) (2018 NY Slip Op 04331)





Matter of Anita J.U. (Jennifer A.)


2018 NY Slip Op 04331


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-03699
 (Docket Nos. B-4112-15, B-4113-15, B-4114-15)

[*1]In the Matter of Anita J. U. (Anonymous). Children's Aid Society, petitioner-respondent, et al., petitioner; Jennifer A. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Kimberly U. (Anonymous). Children's Aid Society, petitioner-respondent, et al., petitioner; Jennifer A. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)
In the Matter of Reyna M. U.-A. (Anonymous). Children's Aid Society, petitioner-respondent, et al., petitioner; Jennifer A. (Anonymous), appellant, et al., respondent. (Proceeding No. 3)


Michael E. Lipson, Jericho, NY, for appellant.
Rosin Steinhagen Mendel, New York, NY (Douglas H. Reiniger of counsel), for petitioner-respondent.
Seymour W. James, Jr., New York, NY (Dawne A. Mitchell and Patricia Colella of counsel), attorney for the children.



DECISION & ORDER
In three related proceedings pursuant to Social Services Law § 384-b, the mother appeals from an order of the Family Court, Richmond County (Arnold Lim, J.), dated March 21, 2017. The order denied the mother's motion to vacate three orders of fact-finding and disposition of the same court (one as to each child), all dated October 24, 2016, which, upon her failure to appear at a fact-finding and dispositional hearing, and after a fact-finding and dispositional inquest, terminated her parental rights on the ground of permanent neglect, and transferred guardianship and custody of the subject children to the Children's Aid Society and the Commissioner of the Administration for Children's Services for the purpose of adoption.
ORDERED that the order dated March 21, 2017, is affirmed, without costs or disbursements.
In September 2015, the petitioners commenced these three related proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate the parental rights of the mother with respect to the three subject children on the ground of permanent neglect. The mother failed to appear at a fact-finding hearing scheduled for September 22, 2016. The mother was found to be in default, and the Family Court conducted a fact-finding and dispositional inquest. In three orders of fact-finding and disposition (one as to each child), all dated October 24, 2016, the court, inter alia, determined that the children were permanently neglected by the mother, terminated the mother's parental rights, and transferred guardianship and custody of the children to the petitioners for the purpose of adoption. Thereafter, the mother moved to vacate her default. In the order appealed from, the court denied the mother's motion, and the mother appeals.
"The determination of whether to relieve a party of a default is within the sound discretion of the Family Court" (Matter of Brandon G. [Tiynia M.], 155 AD3d 626, 626; see Matter of Clarence D.H. [Fidelina A.], 150 AD3d 1113, 1114; Matter of Isabella R.W. [Jessica W.], 142 AD3d 503, 504). "A parent seeking to vacate an order entered upon his or her default in a termination of parental rights proceeding must establish a reasonable excuse for the default, as well as a potentially meritorious defense to the relief sought in the petition" (Matter of Johanna B. [Grace B.], 157 AD3d 668, 669; see CPLR 5015[a][1]; Matter of Brandon G. [Tiynia M.], 155 AD3d at 626-627; Matter of Clarence D.H. [Fidelina A.], 150 AD3d at 1114).
We agree with the Family Court's determination denying the mother's motion to vacate the orders of fact-finding and disposition entered upon her default. Contrary to the mother's contention, she failed to provide a reasonable excuse for her default. The mother was present in court when the hearing was scheduled, and, therefore, her assertion that she did not know the correct time of the hearing was not a reasonable excuse for her default (see Matter of Dominique Beyonce R. [Maria Isabel R.], 82 AD3d 984, 985; Matter of Nicholas S., 46 AD3d 830, 831; Matter of Porscha Monique J., 21 AD3d 415, 416). In any event, the mother failed to establish a potentially meritorious defense to the relief sought in the petition (see Matter of Dominique Beyonce R. [Maria Isabel R.], 82 AD3d at 985-986; Matter of Miguel M.-R. B., 36 AD3d 613, 614).
The mother's remaining contentions are either not properly before this Court or without merit.
ROMAN, J.P., SGROI, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court