Matter of Destinee L.M.L. (Marlene O.) (2018 NY Slip Op 06539)





Matter of Destinee L.M.L. (Marlene O.)


2018 NY Slip Op 06539


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2017-00200
 (Docket Nos. B-251-16, B-252-16, B-2211-16, B-250-16)

[*1]In the Matter of Destinee L.M.L. (Anonymous). Heartshare St. Vincent's Services, respondent; Marlene O. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Ezekiel J.L. (Anonymous). Heartshare St. Vincent's Services, respondent; Marlene O. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Jessiah L. (Anonymous). Heartshare St. Vincent's Services, respondent; Marlene O. (Anonymous), appellant. (Proceeding No. 3)
In the Matter of Angel J.L. (Anonymous). Heartshare St. Vincent's Services, respondent; Marlene O. (Anonymous), appellant. (Proceeding No. 4)


Rhonda R. Weir, Brooklyn, NY, for appellant.
Wingate, Kearney & Cullen, LLP, Brooklyn, NY (Kristin L. Williams of counsel), for respondent.
Warren S. Hecht, Forest Hills, NY, attorney for the children Destinee L. M. L., Ezekiel J. L., and Angel J. L.
Heath J. Goldstein, Jamaica, NY, attorney for the child Jessiah L.



DECISION & ORDER
In four related proceedings pursuant to Social Services Law § 384-b, the mother appeals from an order of the Family Court, Richmond County (Arnold Lim, J.), dated December 12, 2016. The order denied the mother's motion to vacate four orders of fact-finding and disposition of the same court (one as to each child), all dated November 21, 2016, which, upon her failure to appear at a fact-finding and dispositional hearing, and after a fact-finding and dispositional inquest, terminated her parental rights on the ground of permanent neglect and transferred custody and guardianship of the subject children to Heartshare St. Vincent's Services and the Commissioner of the Administration for Children's Services for the purpose of adoption.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner commenced these related proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate the mother's parental rights to the subject children on the ground of permanent neglect. The mother failed to appear at a fact-finding hearing scheduled for October 20, 2016. The mother was found to be in default, and the Family Court conducted a fact-finding and dispositional inquest. Following the inquest, the court found that the mother permanently neglected the children and issued four separate orders of fact-finding and disposition (one as to each child), terminating the mother's parental rights and transferring custody and guardianship of the children to the petitioner and the Commissioner of the Administration for Children's Services for the purpose of adoption. Thereafter, the mother moved to vacate the orders of fact-finding and disposition. By order dated December 12, 2016, the court denied the mother's motion, and the mother appeals.
"The determination of whether to relieve a party of a default is within the sound discretion of the Family Court" (Matter of Daniel Marcus Y. [Marilyn Y.], 77 AD3d 843, 843; see Matter of Brandon G. [Tiyna M.], 155 AD3d 626). "A parent seeking to vacate a default in a proceeding for the termination of parental rights must establish a reasonable excuse for the default, as well as a potentially meritorious defense" (Matter of Niaja A.W. [Paulette G.], 100 AD3d 1009, 1010; see CPLR 5015[a][1]; Matter of Kenneth S. v Bethzaida P., 95 AD3d 1022, 1023).
Contrary to the mother's contention, she failed to provide a reasonable excuse for her default (see Matter of Anita J.U. [Jennifer A.], 162 AD3d 780; Matter of Elysia R.M. [Shamaya M.], 161 AD3d 870; Matter of Joshua E.R. [Yoline R.], 123 AD3d 723). Since the mother did not have a reasonable excuse for her default, this Court need not determine whether she established that she had a potentially meritorious defense (see Matter of Johanna B. [Grace B.], 157 AD3d 668, 669-670; Matter of Nathalie D.N. [Nathaniel H.N.], 149 AD3d 750, 751; Matter of Proctor-Shields v Shields, 74 AD3d 1347, 1348). Accordingly, the Family Court providently exercised its discretion in denying the mother's motion to vacate the orders of fact-finding and disposition entered upon her default.
The mother's remaining contention is without merit.
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court