Matter of Abella v Szileszky (2019 NY Slip Op 08186)





Matter of Abella v Szileszky


2019 NY Slip Op 08186


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
BETSY BARROS, JJ.


2019-01216
 (Docket No. O-00567-15)

[*1]In the Matter of Veronika Abella, respondent,
v
Levente Szileszky, appellant.


Levente Szileszky, Brooklyn, NY, appellant pro se.
Simpson Thacher & Bartlett LLP, New York, NY (Bryce L. Friedman, Joshua C. Polster, and Shanice D. Hinckson of counsel), for respondent.
Karen P. Simmons, Brooklyn, NY (Laura Solecki of counsel), attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Levente Szileszky appeals from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated December 4, 2018. The order denied that branch of the motion of Levente Szileszky which was to vacate an order of protection entered against him, after an inquest, upon his default in appearing for a scheduled court date.
ORDERED that the order is affirmed, without costs or disbursements.
In June 2015, the petitioner filed a family offense petition alleging that her husband, Levente Szileszky, had menaced, harassed, and assaulted her. Although Szileszky was present in court on December 13, 2017, when the fact-finding hearing was adjourned to February 6, 2018, and although the Supreme Court repeated the adjourned date four times, Szileszky failed to appear on the adjourned date. Szileszky was found to be in default, and the court conducted a fact-finding inquest. The court entered a full stay-away order of protection, upon default, in favor of the petitioner and the parties' children, and against Szileszky. Upon a finding of aggravating circumstances, the court ordered that the order of protection was to remain in effect for five years. Thereafter, Szileszky moved, inter alia, to vacate the order of protection entered upon his default. In the order appealed from, the court denied that branch of Szileszky's motion.
The determination of whether to relieve a party of a default is within the sound discretion of the motion court (see Matter of Anita J.U. [Jennifer A.], 162 AD3d 780, 781; Matter of Brandon G. [Tiynia M.], 155 AD3d 626). A party seeking to vacate an order of protection entered upon his or her failure to appear on a family offense petition must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the petition (see CPLR 5015[a][1]; Matter of Moreno v Ramos, 174 AD3d 716, 716-717).
Here, contrary to Szileszky's contention, he failed to provide a reasonable excuse for his default. Szileszky was present in court when the hearing was scheduled, and, therefore, his assertion that he did not know the correct date of the hearing did not constitute a reasonable excuse for his default (see Matter of Reyna M.U.-A. [Isaac U.], 162 AD3d 781, 782; Matter of Dominique Beyonce R. [Maria Isabel R.], 82 AD3d 984, 985). Since Szileszky failed to demonstrate a reasonable excuse for his default, we need not reach the issue of whether he demonstrated a potentially meritorious defense to the petition (see Matter of Moreno v Ramos, 174 AD3d at 717).
The remaining contentions of Szileszky and the attorney for the children are not properly before this Court on this appeal from the order denying that branch of Szileszky's motion which was to vacate the order of protection entered upon his default.
Accordingly, we affirm the order appealed from.
RIVERA, J.P., BALKIN, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court