■ In the Matter of ANGEL JOSEPH S., a Child Alleged to be Neglected. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK et al., Respondents; FRANCES R., Appellant. [724 NYS2d 336] —In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from (1) an order of the Family Court, Queens County (Bogacz, J.), dated November 13, 1998, which denied her motion to vacate her default in appearing at the dispositional hearing, and (2) so much of a fact-finding and dispositional order of the same court, entered December 9, 1998, as, after a fact-finding and dispositional hearing, terminated her parental rights and transferred guardianship and custody of the child to the Commissioner of Social Services of the City of New York and New York Foundling Hospital.

Ordered that the order dated November 13, 1998 is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order entered December 9, 1998, as terminated the mother's parental rights, upon her default in appearing at the dispositional hearing, is dismissed, without costs or disbursements, as no appeal lies from the portion of an order entered upon the default of the appealing party (see, Matter of Vanessa M., 263 AD2d 542); and it is further,

Ordered that the order entered December 9, 1998, is affirmed insofar as reviewed, without costs or disbursements.

Contrary to the mother's contentions, the presentment agency met its burden of establishing, by clear and convincing evidence, that she permanently neglected her son by failing to maintain contact with him and to plan for his future despite its diligent efforts to encourage the parental relationship and reunite them (see, Matter of Chimere C., 259 AD2d 615; Matter of La'Quan De'Vota H., 259 AD2d 486; Matter of Hasson B., 219 AD2d 649; Matter of Marcel F., 212 AD2d 705).

As the mother failed to establish either a reasonable excuse for her failure to attend the dispositional hearing, or that she had a meritorious defense to the proceeding, the court

providently exercised its discretion in denying her motion to vacate her default (*see, Matter of Irvin R.,* 257 AD2d 624; *Matter of James M.,* 250 AD2d 685).

Those remaining contentions of the mother which are properly before this Court are without merit. O'Brien, J. P., Santucci, Florio and Schmidt, JJ., concur.