■ In the Matter of VIERGELA A. GRAHAM-WINDHAM SERVICES TO FAMILIES AND CHILDREN, Respondent; CARIDA S., Appellant. (Proceeding No. 1.) In the Matter of LAVEAU A. GRAHAM-WINDHAM SERVICES TO FAMILIES AND CHILDREN, Respondent; CARIDA S., Appellant. (Proceeding No. 2.) [835 NYS2d 373]—

In related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of the Family Court,

Queens County (Richardson, J.), both dated February 15, 2006 (one in each proceeding), which, upon a decision of the same court dated January 5, 2006, made after a hearing, denied her motion to vacate her default in appearing at fact-finding and dispositional hearings which resulted in two orders dated October 31, 2005, inter alia, terminating her parental rights to the subject children and transferring custody and guardianship of the children to the Commissioner of Social Services of the City of New York and Graham-Windham Services to Families and Children for the purpose of adoption.

Ordered that on the Court's own motion, the mother's notice of appeal from the decision is deemed a premature notice of appeal from the orders (*see* CPLR 5520 [c]); and it is further,

Ordered that the orders are affirmed, without costs or disbursements.

On the third day of the fact-finding hearing when the mother was scheduled to continue her testimony, she failed to appear in court. The mother's counsel did not know the reason for the absence and requested an adjournment, but the court denied the request. After the Family Court made a finding of permanent neglect, a dispositional hearing was held by inquest on that same day. By orders of disposition dated October 31, 2005, the Family Court, inter alia, terminated the mother's parental rights and transferred custody and guardianship of the children to the Commissioner of Social Services of the City of New York and Graham-Windham Services to Families and Children (hereinafter the agency) for the purpose of adoption. In November 2005 the mother moved to vacate her default. After a hearing, the court denied the motion. We affirm.

The determination whether to relieve a party of a default is a matter left to the sound discretion of the Family Court (*see Matter of Samantha P.*, 297 AD2d 348 [2002]; *Matter of Samaria Ann B.*, 293 AD2d 532 [2002]). In seeking to vacate her default, the mother was required to show that there was a reasonable excuse for her default and a meritorious defense (*see Matter of Iris R.*, 295 AD2d 521 [2002]; *Matter of Angel Joseph S.*, 282 AD2d 752 [2001]). Here, the mother failed to demonstrate either element.

The mother's claim that she failed to appear at the continued fact-finding hearing because she was ill, had ingested a painkiller on the morning of the hearing, and overslept, was unsupported by any evidence (*see e.g. Matter of Joei R.*, 302 AD2d 334, 335 [2003]; *Matter of Male J.*, 214 AD2d 417 [1995]). In addition, the mother's testimony at the hearing that she regularly visited her children from the time they were removed from her

care in 1999 until March 2004, and that she "always" picked them up for the weekend visits and returned them on time, was contradicted by her own admissions that she missed some weekend visits and that she did not return the children on a particular weekend. Moreover, the mother's testimony was refuted by the agency's progress notes, which the court incorporated into its findings, and which showed that the mother missed myriad visits with the children without valid reason, and that she twice left the son waiting at the train station. Under these circumstances, the Family Court did not improvidently exercise its discretion in denying the mother's motion to vacate her default.

The mother's remaining contentions are unpreserved for appellate review. Schmidt, J.P., Santucci, Florio and Balkin, JJ., concur.