■ In the Matter of RAPHANELLO J.N.L.L. LITTLE FLOWER CHILDREN AND FAMILY SERVICES OF NEW YORK et al., Respondents; RASHEEM L. et al., Appellants. [989 NYS2d 131]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights pursuant to Family Court Act article 10, the mother and the father separately appeal from an order of the Family Court, Kings County (Mostofsky, J.), dated March 7, 2013, which denied their separate motions to vacate an order of fact-finding and disposition of the same court (Weinstein, J.), dated December 11, 2012, which, upon their failure to appear at a fact-finding and dispositional hearing, found that they had permanently neglected the subject child, terminated their parental rights, and freed the child for adoption.

Ordered that the order dated March 7, 2013, is affirmed, without costs or disbursements.

The Family Court conducted a fact-finding and dispositional hearing at which a caseworker of the petitioner Little Flower Children and Family Services of New York testified. In an order of fact-finding and disposition, entered upon the parents' failure to appear at the hearing, the court found that the parents had permanently neglected the subject child, terminated their parental rights, and freed the child for adoption. The parents separately filed motions to vacate the order of fact-finding and disposition, and the court denied the motions.

The determination whether to relieve a party of a default is a matter left to the sound discretion of the Family Court (see Matter of Viergela A., 40 AD3d 630, 631 [2007]; Matter of Samantha P., 297 AD2d 348 [2002]; Matter of Samaria Ann B., 293 AD2d 532 [2002]). In seeking to vacate their default, the parents were required to show that there was a reasonable excuse for their default and that they had a potentially meritorious defense (see CPLR 5015 [a] [1]; Matter of Iris R., 295 AD2d 521 [2002]; Matter of Angel Joseph S., 282 AD2d 752 [2001]).

The Family Court providently exercised its discretion in denying the parents' separate motions, as the parents failed to establish a reasonable excuse for their failure to appear. Although they claimed that the father was in the hospital, none of the documents that they submitted supported the assertion that the father was hospitalized on the date of the hearing (see Matter of Viergela A., 40 AD3d at 631; Matter of Joei R., 302 AD2d 334, 334 [2003]). In any event, the parents failed to set forth a potentially meritorious defense. The conclusory assertions in

their affidavits, without more, were insufficient to establish the existence of a potentially meritorious defense (*see Matter of Jenna C. [Omisa C.]*, 81 AD3d 941 [2011]; *Matter of Devon Defonte B.-S. [Christine B.]*, 73 AD3d 1037 [2010]; *Matter of Samantha B. [Arthur Eugene S.]*, 72 AD3d 682, 683 [2010]; *Matter of Christian T.*, 12 AD3d 613 [2004]; *Matter of Irvin R.*, 257 AD2d 624 [1999]).

The parties' remaining contentions are without merit. Mastro, J.P., Leventhal, Lott and Miller, JJ., concur.