■ In the Matter of Deyquan M.B. SCO Family of Services et al., Respondents; Lashon H., Appellant. (Proceeding No. 1.) In the Matter of Jadde L.B. SCO Family of Services et al., Respondents; Lashon H., Appellant. (Proceeding No. 2.) In the Matter of Ashanti G.J.H. SCO Family of Services et al., Respondents; Lashon H., Appellant. (Proceeding No. 3.) [1 NYS3d 345]—

Appeal from an order of the Family Court, Queens County (Marybeth S. Richroath, J.), dated December 11, 2013. The order denied the mother's motion to vacate a prior order of fact-finding and disposition of that court, which found that she had permanently neglected the subject children, terminated her parental rights, and freed the children for adoption.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court conducted a fact-finding and dispositional hearing, at which a caseworker of the petitioner SCO Family of Services testified. The mother was present, but refused to testify. Thereafter, she was arrested and incarcerated, and failed to appear on the second day of the hearing. In an order of fact-finding and disposition, entered upon the mother's failure to appear, the court found that the mother had permanently neglected the subject children, terminated her parental rights, and freed the children for adoption. The mother moved to vacate the order of fact-finding and disposition, and the court denied the motion.

The determination whether to relieve a party of a default is a matter left to the sound discretion of the Family Court (*see Mat-*

ter of Raphanello J.N.L.L. [Rasheem L.], 119 AD3d 580, 580-581 [2014]; Matter of Viergela A., 40 AD3d 630, 631 [2007]; Matter of Samantha P., 297 AD2d 348 [2002]; Matter of Samaria Ann B., 293 AD2d 532 [2002]). In seeking to vacate her default, the mother was required to show that there was a reasonable excuse for her failure to appear and that she had a potentially meritorious defense (see CPLR 5015 [a] [1]; Matter of Iris R., 295 AD2d 521, 522 [2002]; Matter of Angel Joseph S., 282 AD2d 752 [2001]).

The Family Court providently exercised its discretion in denying the mother's motion, made seven months after she defaulted, as she failed to establish a reasonable excuse for her failure to appear. The mother's failure to appear on the second day of the hearing due to her incarceration was not a reasonable excuse for her default, because she did not explain why she failed to notify her attorney or the court of her imprisonment (see Matter of Fa'Shon S., 40 AD3d 863 [2007]; Matter of Tiffany L., 294 AD2d 365, 366 [2002]; Matter of Raymond Anthony A., 192 AD2d 529, 530 [1993]). In addition, the mother failed to set forth a potentially meritorious defense (see Matter of Raphanello J.N.L.L. [Rasheem L.], 119 AD3d at 580; Matter of Irvin R., 257 AD2d 624 [1999]). Balkin, J.P., Chambers, Hinds-Radix and Maltese, JJ., concur.