*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 14, 2016        520403
_____

In the Matter of IYANNA KK.
   and Another, Alleged to be
   Permanently Neglected
   Children.

BROOME COUNTY DEPARTMENT OF
   SOCIAL SERVICES,                      MEMORANDUM AND ORDER
                 Respondent;

EDWARD KK.,
                 Appellant.
_____

Calendar Date:  June 2, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Aarons, JJ.

_____

    John M. Scanlon, Binghamton, for appellant.

    Kuredin V. Eytina, Broome County Department of Social Services, Binghamton, for respondent.

    Andrea Mooney, Ithaca, attorney for the children.

_____

Aarons, J.

    Appeal from an order of the Family Court of Broome County (Connerton, J.), entered January 1, 2015, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject children to be permanently neglected, and terminated respondent's parental rights.

    Respondent is the father of the subject children (born in

2010), twins who, since shortly after their birth, have been under the foster care of petitioner. In September 2011, the children were adjudicated to be neglected and respondent was ordered, among other things, to complete parenting, counseling and support programs and maintain a safe and stable residence for the children. In August 2013, petitioner commenced this proceeding seeking the termination of respondent's parental rights on the ground of permanent neglect. Following a fact-finding hearing, Family Court found that respondent permanently neglected the children. After a dispositional hearing, Family Court, in January 2015, terminated respondent's parental rights.[1]

At oral argument, the attorney for the child advised this Court that, during the pendency of the appeal, the subject children were adopted. Initially, we do not condone the parties' failure to notify this Court earlier of the adoption or to mention it in any of the briefs, especially when it was finalized months before the appeal was perfected. Notwithstanding this failure, the adoption of the children has rendered respondent's appeal from the dispositional order moot (see Matter of Alexis C. [Jacqueline A.], 99 AD3d 542, 543 [2012], lv denied 20 NY3d 856 [2013]), and the exception to the mootness doctrine does not apply (see Matter of Karlee JJ. [Jessica JJ.], 105 AD3d 1304, 1305 [2013]). Although the adoption would not have rendered moot a challenge to the finding of permanent neglect (see Matter of Mahogany Z. [Wayne O.], 72 AD3d 1171, 1172 [2010], lv denied 14 NY3d 714 [2010]), respondent abandoned any such challenge by failing to address that issue in his brief (see Matter of Izayah J. [Jose I.], 104 AD3d 1107, 1108 n 2 [2013]).

McCarthy, J.P., Garry, Lynch and Devine, JJ., concur.

---

[1] The children's mother surrendered the children to petitioner in October 2012, and her parental rights were terminated in May 2013.

ORDERED that the appeal is dismissed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court