Matter of Qwin L. X. P. (Leonard P.) (2018 NY Slip Op 01066)





Matter of Qwin L. X. P. (Leonard P.)


2018 NY Slip Op 01066


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-13347
 (Docket No. B-7719-14)

[*1]In the Matter of Qwin L. X. P. (Anonymous). Jewish Child Care Association of New York, et al., respondents; Leonard P. (Anonymous), appellant.


Cheryl Charles-Duval, Brooklyn, NY, for appellant.
James M. Abramson, PLLC, New York, NY (Rachel Ambats of counsel), for respondent Jewish Child Care Association of New York.
Karen P. Simmons, Brooklyn, NY (Chai Park and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
Appeal from an order of the Family Court, Kings County (Lillian Wan, J.), dated November 16, 2016. The order denied the father's motion to vacate an order of fact-finding and disposition of that court dated July 29, 2016, which, inter alia, upon his failure to appear at an inquest, found that he had permanently abandoned the subject child, terminated his parental rights, and freed the child for adoption.
ORDERED that the order dated November 16, 2016, is affirmed, without costs or disbursements.
On or about February 3, 2016, the Jewish Child Care Association of New York filed an amended petition, inter alia, to terminate the father's parental rights with respect to the subject child. On July 14, 2016, the Family Court held an inquest, at which the father did not appear. Following the inquest, in an order of fact-finding and disposition dated July 29, 2016, entered upon the father's default, the court found that the father had permanently neglected the subject child, terminated the father's parental rights, and freed the child for adoption. The father moved to vacate the order of fact-finding and disposition, and the court denied the motion. The father appeals, contending that he had a reasonable excuse for his failure to appear at the inquest, and a meritorious defense to the allegations in the amended petition.
The determination whether to relieve a party of a default is a matter left to the sound discretion of the Family Court (see Matter of Deyquan M.B. [Lashon H.], 124 AD3d 644; Matter of Raphanello J.N.L.L. [Rasheem L.], 119 AD3d 580). In seeking to vacate his default, the father was required to show that he had a reasonable excuse for his default and that he had a potentially meritorious defense (see CPLR 5015[a][1]; Matter of Raphanello J.N.L.L. [Rasheem L.], 119 AD3d at 580). Here, the court providently exercised its discretion in denying the father's motion, as he failed to establish a reasonable excuse for his failure to appear at the inquest. Although the father claimed that he was unable to attend the inquest due to an appointment related to housing, he [*2]submitted no documentary or other supporting evidence to establish that he actually attended this appointment on the date of the inquest (see Matter of Paul G.D.H. [Yvonne H.], 147 AD3d 699; Matter of Raphanello J.N.L.L. [Rasheem L.], 119 AD3d at 580; Matter of Tyieyanna L. [Twanya McK.], 94 AD3d 494).
In any event, the father failed to set forth a potentially meritorious defense to the allegations in the amended petition. The conclusory assertions in his affidavit, which were not supported by the documentary evidence he submitted, without more, were insufficient to establish the existence of a potentially meritorious defense (see Matter of Raphanello J.N.L.L. [Rasheem L.], 119 AD3d at 580-581; Matter of Jenna C. [Omisa C.], 81 AD3d 941, 942). Rather, the father's own admissions evinced an intent to forego his parental rights and obligations by his failure for a period of six months to contact or communicate with the child or the person having legal custody of the child (see Domestic Relations Law § 111[2][a]; Matter of Ashley P., 31 AD3d 767, 768; Matter of Clair, 231 AD2d 842).
RIVERA, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court