Matter of Sade J. v Schenectady County Dept. of Social Servs. (2019 NY Slip Op 04240)





Matter of Sade J. v Schenectady County Dept. of Social Servs.


2019 NY Slip Op 04240


Decided on May 30, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 30, 2019

526343

[*1]In the Matter of SADE J., Appellant,
v
SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent.

Calendar Date: May 3, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Rumsey, JJ.


Todd G. Monahan, Schenectady, for appellant.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from an order of the Family Court of Schenectady County (Blanchfield, J.), entered February 2, 2018, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petition.
Petitioner is the mother of two children (born in 2008 and 2010). By order entered in December 2013, Family Court (Powers, J.) terminated petitioner's parental rights upon by the ground of abandonment (see Social Services Law § 384-b [4] [a]), placed the children in respondent's custody and freed the children for adoption. Petitioner apparently did not appeal from that order. Four years later, petitioner commenced this proceeding pursuant to Family Ct Act § 635 seeking to restore her parental rights. Respondent moved to dismiss upon the ground that petitioner did not meet the statutory predicates set forth in Family Ct Act § 635 (d). Family Court (Blanchfield, J.) agreed and granted respondent's motion, prompting this appeal.
Appellate counsel seeks to be relieved of his assignment upon the ground that there are no nonfrivolous issues to be raised upon appeal. However, by letter dated December 10, 2018, the attorney for the children advises this Court that the children's adoption has been finalized. Accordingly, petitioner's appeal is moot (see generally Matter of Carmen P. v Administration for Children Servs., 149 AD3d 577, 577 [2017]; Matter of Iyanna KK. [Edward KK.], 141 AD3d 885, 886 [2016]; Matter of Victoria XX. [Thomas XX.], 110 AD3d 1168, 1172 [2013]) and, as the exception to the mootness doctrine does not apply (see generally Matter of Karlee JJ. [Jessica JJ.], 105 AD3d 1304, 1305 [2013]), the appeal must be dismissed. In light of this conclusion, we need not address appellate counsel's application to be relieved of his assignment.
Garry, P.J., Egan Jr., Clark and Rumsey, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.