Matter of Albert James G. (Shanteek A. C.) (2019 NY Slip Op 07780)





Matter of Albert James G. (Shanteek A. C.)


2019 NY Slip Op 07780


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2018-10085
 (Docket No. B-392-15)

[*1]In the Matter of Albert James G. (Anonymous), Jr. Coalition for Hispanic Family Services, petitioner- respondent; Shanteek A. C. (Anonymous), appellant, et al., respondent.


Jeffrey C. Bluth, New York, NY, for appellant.
Law Offices of James M. Abramson, PLLC, New York, NY (Stefan Williams of counsel), for petitioner-respondent.
Jennifer Marshall, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights, the mother appeals from an order of the Family Court, Kings County (Jacqueline B. Deane, J.), dated August 10, 2018. The order denied the mother's motion to vacate so much of an order of fact-finding and disposition of the same court dated July 28, 2017, entered upon her failure to appear at fact-finding and dispositional hearings, as found that she permanently neglected the subject child, terminated her parental rights, and transferred guardianship and custody of the subject child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the appeal from so much of the order dated August 10, 2018, as denied those branches of the mother's motion which were to vacate so much of the order of fact-finding and disposition as terminated her parental rights and transferred guardianship and custody of the subject child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order dated August 10, 2018, is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order dated August 10, 2018, as denied those branches of the mother's motion which were to vacate so much of an order of fact-finding and disposition dated July 28, 2017, as terminated her parental rights and transferred guardianship and custody of the subject child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption must be dismissed as academic, since the child was legally adopted on January 25, 2018 (see Matter of Iyanna KK. [Edward KK.], 141 AD3d 885; Matter of Mia P.R.D. [David D.], 113 AD3d 679, 680).
However, the mother's challenge to the finding that she permanently neglected the child, which was made in the order of fact-finding and disposition entered upon her failure to appear, is not academic as a result of the child's adoption, since such a finding constitutes a permanent and significant stigma that might indirectly affect the mother's status in future proceedings (see Matter of Latisha T'Keyah J. [Monie J.], 117 AD3d 1051, 1052; Matter of Mia P.R.D. [David D.], 113 AD3d at 680).
A parent seeking to vacate a default in a proceeding for the termination of parental rights must establish a reasonable excuse for the default, as well as a potentially meritorious defense to the relief sought in the petition (see Matter of Kamiyah D.B.V. [Myron B.], 168 AD3d 752). Here, since the mother failed to establish that she had either a reasonable excuse for her default or a potentially meritorious defense, we agree with the denial of that branch of her motion which was to vacate so much of the order of fact-finding and disposition as found that she permanently neglected the child (see id.; Matter of Raphanello J.N.L.L. [Rasheem L.], 119 AD3d 580; Matter of Jenna C. [Omisa C.], 81 AD3d 941, 942).
The mother's remaining contentions are not properly before this Court.
CHAMBERS, J.P., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court