Matter of Amari F. (Haley F.) (2023 NY Slip Op 03047)

Matter of Amari F. (Haley F.)

2023 NY Slip Op 03047

Decided on June 8, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 8, 2023

525603
[*1]In the Matter of Amari F., Alleged to be a Permanently Neglected Child. Albany County Department for Children, Youth and Families, Respondent; Haley F., Appellant. (And Another Related Proceeding.)

Calendar Date:April 27, 2023

Before:Garry, P.J., Aarons, Pritzker, Ceresia and Fisher, JJ.

William V. O'Leary, Albany, for appellant.
Eugenia Koutelis Condon, County Attorney, Albany (Carly Mousseau of counsel) for respondent.
Tracey A. Brown, Delmar, attorney for the child.
Copps DiPaola Silverman, PLLC, Albany (Joseph R. Williams of counsel), for Stephanie G.

Garry, P.J.
Appeal from an order of the Family Court of Albany County (Margaret T. Walsh, J.), entered August 24, 2017, which, among other things, granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be permanently neglected, and terminated respondent's parental rights.
Respondent is the biological mother of the subject child (born in 2010). In 2012, when she was less than two years old, the child was removed from respondent's care, placed in petitioner's custody and, upon respondent's admissions, adjudicated to have been neglected. In 2014, petitioner filed the instant application to adjudicate the child to have been permanently neglected and terminate respondent's parental rights. The child's maternal grandmother then petitioned for custody of the child. Respondent later waived her right to a fact-finding hearing and admitted to several of the allegations in the petition, including that she failed to plan for the child's future in spite of petitioner's diligent efforts to strengthen the parental relationship. Based on those admissions, Family Court found respondent to have permanently neglected the child. Following a dispositional hearing at which the grandmother's petition was also considered, the court granted petitioner's application. Respondent appeals.
During the pendency of this appeal, the child was adopted, notably by the foster family whose care she has been in since her initial removal from respondent over 10 years ago. Although a child's adoption will not render moot a challenge to the finding of permanent neglect (see Matter of Iyanna KK. [Edward KK.], 141 AD3d 885, 886 [3d Dept 2016]; Matter of Mahogany Z. [Wayne O.], 72 AD3d 1171, 1172 [3d Dept 2010], lv denied 14 NY3d 714 [2010]; Matter of Matthew C., 227 AD2d 679, 680 [3d Dept 1996]), respondent does not take issue with that underlying finding here. Instead, she challenges only Family Court's choice among dispositions, and it is well established that a challenge to the court's disposition in a Social Services Law § 384-b proceeding is rendered moot by a subsequent adoption (see Matter of Iyanna KK. [Edward KK.], 141 AD3d at 886; see also Matter of Kayalionna S.C. [Jessica C.], 190 AD3d 600, 600 [1st Dept 2021]; Matter of Jaxon S. [Jason S.], 170 AD3d 1687, 1688 [4th Dept 2019]). The exception to the mootness doctrine has not been raised, and it does not apply; although the arguments presented by respondent are substantial and likely to recur, "they are not likely to evade review, as they could be preserved — where necessary and appropriate — by a stay of the adoption proceeding" (Matter of Karlee JJ. [Jessica JJ.], 105 AD3d 1304, 1305 [3d Dept 2013]; see Family Ct Act § 1114; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). In light of the foregoing, we must dismiss this appeal.
Aarons, Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the appeal is dismissed, as moot[*2], without costs.