Matter of Zaya A. (Amy B.) (2024 NY Slip Op 02347)

Matter of Zaya A. (Amy B.)

2024 NY Slip Op 02347

Decided on May 2, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 2, 2024

535362
[*1]In the Matter of Zaya A. and Others, Alleged to be Neglected Children. Otsego County Department of Social Services, Respondent; Amy B., Appellant, et al., Respondent.

Calendar Date:March 29, 2024

Before:Garry, P.J., Clark, Pritzker, Ceresia and Mackey, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Kristin A. Bluvas of counsel), for appellant.
Denise J.B. Hollis, County Attorney, Cooperstown (Corrie A. Damulis of counsel), for Otsego County Department of Social Services, respondent.
Larisa Obolensky, Bovina Center, attorney for the children.

Pritzker, J.
Appeal from an order of the Family Court of Otsego County (Michael F. Getman, J.), entered March 31, 2022, which, in a proceeding pursuant to Family Ct Act article 10, granted petitioner's motion for permission to vaccinate one of the subject children.
Respondent Amy B. (hereinafter the mother) and respondent Jesse A. (hereinafter the father) are the parents of five children (born in 2010, 2011, 2013, 2014 and 2015). In March 2021, Family Court granted petitioner's application for temporary removal of the children and placed them under the supervision of petitioner. In January 2022, petitioner, by order to show cause, sought an order that the child born in 2013 be vaccinated against COVID-19 so that he could remain in a particular residential program; the facility was requiring that all their program participants be vaccinated. The child was placed at the facility due to petitioner's determination that it was best suited to meet the needs of the child due to his autism and related behavior. The mother and the father opposed, and the attorney for the child stated that the child was unable to verbalize any opinion he may have about that vaccine. Nonetheless, the attorney for the child supported petitioner's request because she recommended that the child remain in the residential program. Following a hearing, Family Court granted petitioner's request and ordered petitioner to "immediately" schedule a vaccination. The mother appeals.
"[I]t is well settled that a court's jurisdiction extends only to live controversies and, thus, an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the order" (Matter of Association of Motor Veh. Trial Attorneys, Inc. v New York State Dept. of Motor Vehs., 223 AD3d 948, 949 [3d Dept 2024] [internal quotation marks and citations omitted]). Here, given that the child has already received the vaccine and has been returned to the parents' custody, "the [mother's] rights will not be directly affected by our determination on this issue and it is therefore moot" (Matter of Karlee JJ. [Jessica JJ.], 105 AD3d 1304, 1305 [3d Dept 2013]). We do not find that the exception to the mootness doctrine applies. Although a pandemic similar to COVID-19 is unlikely to recur (see Matter of Association of Motor Veh. Trial Attorneys, Inc. v New York State Dept. of Motor Vehs., 223 AD3dat 950), disputes between children in the custody of the state and the child's parents regarding vaccination decisions are (see generally Matter of Athena Y. [Ashleigh Z.], 201 AD3d 113, 117-118 [3d Dept 2021]). However, although a stay was not sought here, the issue is not likely to evade review as the execution of an order for vaccination of a child can be stayed — if necessary and appropriate — to preserve the opportunity to seek appellate review (see Matter of Amari F. [Haley F.], 217 AD3d 1063, 1064 [3d Dept 2023]).
Garry[*2], P.J., Clark, Ceresia and Mackey, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.