Matter of William C. (Chad C.) (2025 NY Slip Op 04355)

Matter of William C. (Chad C.)

2025 NY Slip Op 04355

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

492 CAF 23-01236

[*1]IN THE MATTER OF WILLIAM C. GENESEE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT;
and
CHAD C., RESPONDENT-APPELLANT.

KELIANN M. ARGY, ORCHARD PARK, FOR RESPONDENT-APPELLANT.
DAVID J. PAJAK, ALDEN, FOR PETITIONER-RESPONDENT. 
WILLIAM D. BRODERICK, JR., ELMA, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Genesee County (Thomas D. Williams, J.), entered July 18, 2023, in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent father appeals from an order that, inter alia, revoked a suspended judgment and terminated the father's parental rights with respect to the subject child.
Initially, to the extent that the father claims in his reply brief that the child may have been adopted, such an adoption would render the father's appeal from the order concerning the disposition "moot by the subsequent adoption of the child" (Matter of Jaxon S. [Jason S.], 170 AD3d 1687, 1688 [4th Dept 2019]; see Matter of Amari F. [Haley F.], 217 AD3d 1063, 1063-1064 [3d Dept 2023]).
In any event, Family Court did not err in revoking the suspended judgment and terminating the father's parental rights. "[W]here petitioner establishes by a preponderance of the evidence that there has been noncompliance with any of the terms of [a] suspended judgment, [Family Court] may revoke the suspended judgment and terminate parental rights" (Matter of Aerielle M. [Ashaley C.], 235 AD3d 1257, 1258 [4th Dept 2025] [internal quotation marks omitted]; see Family Ct Act § 633 [f]; Matter of Zackery S. [Christa P.], 224 AD3d 1336, 1336-1337 [4th Dept 2024], lv denied 41 NY3d 909 [2024]; Matter of Ramel H. [Tenese T.], 134 AD3d 1590, 1592 [4th Dept 2015]). Here, the record establishes that the father violated the terms of the suspended judgment by, among other things, failing to provide proof of income as required and failing to adequately address the anger issues that initially led to the child being removed from the father's care. Thus, the court's determination that the father violated the terms of the suspended judgment is supported by a sound and substantial basis in the record (see Aerielle M., 235 AD3d at 1258). Furthermore, a preponderance of the evidence supports the court's determination that it was in the child's best interests to terminate the father's parental rights (see Zackery S., 224 AD3d at 1337).
The father's contention regarding the timing of the filing of the permanent neglect petition is not properly before us inasmuch as the father did not appeal from the order of disposition on that petition (see Matter of Harmony W. [Jessica W.], 191 AD3d 1251, 1251 [4th Dept 2021]; Matter of Dominic T.M. [Cassie M.], 169 AD3d 1469, 1469 [4th Dept 2019], lv denied 33 NY3d 902 [2019]).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court