Matter of Caden Y. L. (Kathy L.) (2021 NY Slip Op 05568)





Matter of Caden Y. L. (Kathy L.)


2021 NY Slip Op 05568


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2020-00530
 (Docket No. B-7010-16/18A)

[*1]In the Matter of Caden Y. L. (Anonymous). Forestdale, Inc., respondent; Kathy L. (Anonymous), appellant.


Leighton M. Jackson, New York, NY, for appellant.
Rosin Steinhagen Mendel, PLLC, New York, NY (Douglas H. Reiniger of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of the Family Court, Queens County (Mildred Negron, J.), dated December 20, 2019. The order denied the mother's motion to vacate her default in appearing at a dispositional hearing and to reopen the dispositional hearing.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the mother's parental rights on the grounds of mental illness and permanent neglect. Following a fact-finding hearing, the Family Court found that the mother had permanently neglected the subject child and that the mother was presently, and for the foreseeable future, unable by reason of mental illness to provide proper and adequate care for the child. The mother failed to appear at the dispositional hearing, and the court determined, inter alia, that it was in the child's best interests to terminate the mother's parental rights and to free the child for adoption. Thereafter, the mother moved to vacate her default in appearing at the dispositional hearing and to reopen the dispositional hearing. The Family Court denied the mother's motion, and the mother appeals.
The determination of whether to relieve a party of a default is within the sound discretion of the Family Court (see Matter of Brandon G. [Tiynia M.], 155 AD3d 626; Matter of Clarence D.H. [Fidelina A.], 150 AD3d 1113, 1114). A parent who has defaulted in a proceeding for the termination of parental rights must establish a reasonable excuse for the default and a potentially meritorious defense to the relief sought in the petition in order to establish entitlement to vacatur of the default (see Matter of Brandon G. [Tiynia M.], 155 AD3d at 627; Matter of Joshua E.R. [Yolaine R.], 123 AD3d 723, 724; Matter of Niaja A.W. [Paulette G.], 100 AD3d 1009, 1010). Here, the Family Court properly determined that the mother failed to meet her burden of establishing a potentially meritorious defense to the relief sought at the dispositional hearing (see Matter of Joshua E.R. [Yolaine R.], 123 AD3d at 725; Matter of Jah-Meik S.C. [Sara C.], 108 AD3d 696, [*2]697; Matter of Amber Megan D., 54 AD3d 338, 339). Accordingly, the Family Court providently exercised its discretion in denying the mother's motion to vacate her default in appearing at the dispositional hearing and to reopen the dispositional hearing.
MASTRO, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court