Matter of Violet P. (Catherine P.) (2021 NY Slip Op 06174)





Matter of Violet P. (Catherine P.)


2021 NY Slip Op 06174


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
WILLIAM G. FORD, JJ.


2020-07004
 (Docket No. NN-24290-19)

[*1]In the Matter of Violet P. (Anonymous). Administration for Children's Services, respondent; Catherine P. (Anonymous), appellant.


Mark Diamond, New York, NY, for appellant.
Georgia M. Pestana, Corporation Counsel, New York, NY (Elina Druker and Zachary S. Shapiro of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Kings County (Linda Capitti, J.), dated August 28, 2020. The order of disposition, upon an order of fact-finding of the same court dated February 26, 2020, entered upon consent, finding that the mother neglected the subject child, and upon submissions in lieu of a dispositional hearing, inter alia, continued the direct placement of the child with her maternal grandmother until the completion of the next permanency hearing.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced this proceeding against the mother pursuant to Family Court Act article 10 alleging, inter alia, that she had neglected the subject child by failing to provide her with proper supervision or guardianship due to misuse of drugs. The Family Court temporarily placed the child in the custody of her maternal grandmother. Subsequently, the mother, as well as ACS and the attorney for the child, consented to the entry of an order of fact-finding, finding that the mother had neglected the child. Thereafter, upon submissions in lieu of a dispositional hearing, the court, in an order of disposition dated August 28, 2020, determined, inter alia, that it was in the best interests of the child to continue her placement with the maternal grandmother until the completion of the next permanency hearing. The mother appeals from the order of disposition.
As a threshold matter, to the extent the mother raises arguments on appeal regarding the order of fact-finding, her appeal from the order of disposition does not bring up for review the order of fact-finding, since no appeal lies from an order entered on the consent of the appealing party (see Matter of Alexa V. [Antonio V.], 130 AD3d 838, 838; Matter of Abigail R. [Ishwardat R.], 125 AD3d 780, 781).
At the dispositional phase of a child protective proceeding, the court must be concerned with only the best interests of the child (see Matter of Star Leslie W., 63 NY2d 136, 147; [*2]Matter of Bryce E.W. [Tiffany J.V.], 193 AD3d 749, 750). Here, the Family Court's determination that it was in the child's best interests to temporarily continue her placement with the maternal grandmother until the completion of the next permanency hearing has a sound and substantial basis in the record and should not be disturbed (see Family Ct Act § 1055; Matter of Bryce E.W. [Tiffany J.V.], 193 AD3d at 750). Contrary to the mother's contention, under the circumstances of this case, the court did not err in making that determination upon the affidavits and exhibits submitted by the parties in lieu of a dispositional hearing (see Matter of Katrina W., 171 AD2d 250, 256-257).
The mother's remaining contentions are either not properly before this Court or without merit.
RIVERA, J.P., BRATHWAITE NELSON, IANNACCI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court