Matter of Adrianna M.F. (Shanikqa C.F.) (2023 NY Slip Op 00156)

Matter of Adrianna M.F. (Shanikqa C.F.)

2023 NY Slip Op 00156

Decided on January 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 12, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Singh, Mendez, Rodriguez, JJ. 

Docket No. NN-03193/21, NN-03194/21, NN-03195/21 Appeal No. 17062-17062A Case No. 2022-01060 

[*1]In the Matter of Adrianna M.F. and Another, Children Under Eighteen Years of Age, etc., Shanikqa C.F., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent. 

Anne Reiniger, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Antonella Karlin of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the children.

Appeal from order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about February 22, 2022, which, upon consent, released the children to respondent mother subject to nine months of supervision and other conditions, and bringing up for review an order, same court and Judge, entered on or about December 3, 2021, finding, upon consent, that respondent mother neglected the subject children, unanimously dismissed, without costs.
Since the orders of fact-finding and disposition were entered upon the mother's consent, she is not an aggrieved party within the meaning of CPLR 5511 and no appeal lies from those orders (see Matter of Kaylin P. [Derval S.], 170 AD3d 592, 592-593 [1st Dept 2019]; see also Matter of Violet P. [Catherine P.], 199 AD3d 810, 811 [2d Dept 2021]; Matter of Amilleona D.C. [Olivia C.], 143 AD3d 608, 609 [1st Dept 2016]). Moreover, any objection the mother had to the order of disposition is moot since the terms of the order, along with the condition of agency supervision for nine months, have expired (see Matter of Athena M. [Manuel M.T.], 190 AD3d 644, 645 [1st Dept 2021]; Matter of Imiya P. [Randall S.], 69 AD3d 480 [1st Dept 2010]).
Were we to review the mother's contention that Family Court should have dismissed the neglect petitions, we would find that such relief was not requested and, in any event, would have been inappropriate as the investigation and report submitted to the court by the agency found that the neglect allegations were substantiated and that there were continuing issues in the household posing risks to the children that warranted the court's continued aid (see Matter of Naomi S. [Hadar S.], 87 AD3d 936, 937 [1st Dept 2011], lv denied 18 NY3d 804 [2012]; Family Court Act §§ 1011, 1051 [c]).
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2023