Matter of Mercury A. F. (Stephanie T. F.) (2023 NY Slip Op 01996)

Matter of Mercury A. F. (Stephanie T. F.)

2023 NY Slip Op 01996

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2021-09133
 (Docket No. B-9000-19)

[*1]In the Matter of Mercury A. F. (Anonymous), etc. Catholic Guardian Services, respondent; Stephanie T. F. (Anonymous), appellant.

Helene Chowes, New York, NY, for appellant.
Joseph T. Gatti, New York, NY, for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Diane Pazar of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Queens County (Connie Gonzalez, J.), dated November 12, 2021. The order of fact-finding and disposition, after fact-finding and dispositional hearings, and upon the mother's failure to appear at the fact-finding hearing, found that the mother abandoned the subject child, terminated the mother's parental rights, and transferred guardianship and custody of the subject child to the Commissioner of the Administration for Children's Services of the City of New York and the petitioner for the purpose of adoption.
ORDERED that the appeal from so much of the order of fact-finding and disposition as found that the mother abandoned the subject child is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights to the subject child on the ground of abandonment. The mother failed to appear at a fact-finding hearing, and her attorney remained mute at the hearing. After the fact-finding hearing, the Family Court found that the petitioner had shown, by clear and convincing evidence, that the mother abandoned the child, and noted that the court drew the strongest negative inference against the mother for her failure to appear. At a dispositional hearing, the mother appeared and testified that she was seeking the return of the child to her care and did not wish for the child to be adopted. After the dispositional hearing, the court found that it was in the best interests of the child to terminate the mother's parental rights. In an order of fact-finding and disposition dated November 12, 2021, the court found that the mother abandoned the child, terminated the mother's parental rights, and transferred guardianship and custody of the child to the Commissioner of the Administration for Children's Services of the City of New York and the petitioner for the purpose of adoption. The mother appeals.
The appeal from so much of the order of fact-finding and disposition as found that the mother abandoned the child must be dismissed, since that portion of the order of fact-finding and disposition was issued upon the mother's failure to appear at the fact-finding hearing, and no appeal lies from an order made on the default of the appealing party (see CPLR 5511; Matter of Aurora B. [Eric H.], 212 AD3d 806, 808; Matter of Rigali v Kogan, 204 AD3d 919, 920).
Under the circumstances, the Family Court properly determined that terminating the mother's parental rights and freeing the child for adoption was in the child's best interests (see Family Ct Act § 631; Matter of Davon K.W. [Lissette N.C.], 187 AD3d 766, 768; Matter of Jasiah T.-V.S.J. [Joshua W.—Shatesse J.], 166 AD3d 876, 879; Matter of Aleeyah T.M. [Shalicia A.], 127 AD3d 1197, 1198).
BARROS, J.P., MALTESE, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court