Matter of Harlem H.H. (Coty H.) (2023 NY Slip Op 03787)

Matter of Harlem H.H. (Coty H.)

2023 NY Slip Op 03787

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
JOSEPH J. MALTESE
LILLIAN WAN, JJ.

2022-01297
2022-02365
 (Docket No. B-3079-21)

[*1]In the Matter of Harlem H. H. (Anonymous). Westchester County Department of Social Services, respondent; Coty H. (Anonymous), appellant.

Nancy C. Nissen, White Plains, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (David H. Chen of counsel), for respondent.
Kelly M. Enderley, Poughkeepsie, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from (1) an order of fact-finding and disposition of the Family Court, Westchester County (Michelle I. Schauer, J.), dated January 28, 2022, and (2) an order of the same court dated March 29, 2022. The order of fact-finding and disposition, after fact-finding and dispositional hearings, and upon the father's failure to appear at the fact-finding hearing, found that the father permanently neglected the subject child, terminated the father's parental rights, and transferred guardianship and custody of the child to the petitioner for the purpose of adoption. The order dated March 29, 2022, denied the father's motion to vacate his default in appearing at the fact-finding hearing.
ORDERED that the appeal from so much of the order of fact-finding and disposition as found that the father permanently neglected the subject child is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements; and it is further,
ORDERED that the order dated March 29, 2022, is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b to terminate the father's parental rights to the subject child on the ground of permanent neglect. The petition was based, in part, on the father's "fail[ure] to provide a viable plan for the future of the subject child including his failure to be an appropriate resource[ ] for the child based on his current state of incarceration for the next 23 years." The Family Court thereafter scheduled a fact-finding hearing and issued an order to have the father produced from prison. The father failed to appear at the fact-finding hearing, and his attorney remained mute at the hearing. After the fact-finding [*2]hearing, the court determined that the petitioner established, by clear and convincing evidence, that the father permanently neglected the child, and noted that the court drew a negative inference against the father for his failure to appear. At a dispositional hearing, the father appeared and testified, inter alia, that he did not wish for the child to be adopted. After the dispositional hearing, the court found that it was in the best interests of the child to terminate the father's parental rights. In an order of fact-finding and disposition dated January 28, 2022, the court found that the father permanently neglected the child, terminated the father's parental rights, and transferred guardianship and custody of the child to the petitioner for the purpose of adoption. Thereafter, the father moved to vacate his default in appearing at the fact-finding hearing. The court denied the motion. The father appeals from the order of fact-finding and disposition and from the order denying his motion to vacate.
The appeal from so much of the order of fact-finding and disposition as found that the father permanently neglected the child must be dismissed, since that portion of the order of fact-finding and disposition was issued upon the father's failure to appear at the fact-finding hearing, and no appeal lies from an order made on the default of the appealing party (see CPLR 5511; Matter of Mercury A.F. [Stephanie T.F.], 215 AD3d 832, 832).
The determination of whether to relieve a party of a default is within the sound discretion of the Family Court (see Matter of Caden Y.L. [Kathy L.], 198 AD3d 780, 781; Matter of Brandon G. [Tiynia M.], 155 AD3d 626, 626). A parent seeking to vacate a default in a proceeding for the termination of parental rights must establish a reasonable excuse for the default and a potentially meritorious defense to the relief sought in the petition (see CPLR 5015[a][1]; Matter of Caden Y.L. [Kathy L.], 198 AD3d at 781; Matter of Kamiyah D.B.V. [Myron B.], 168 AD3d 752, 753). Here, the father failed to meet his burden of establishing a potentially meritorious defense to the relief sought at the fact-finding hearing. The father failed to demonstrate that the petitioner did not engage in diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 430-431) and the father's proffered plan for the child, which amounted to the child remaining in foster care until the father's release from prison, was inadequate (see Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d at 431; Matter of Ricardo T., Jr. [Ricardo T., Sr.], 191 AD3d 890, 891; Matter of Jenna K. [Jeremy K.], 132 AD3d 995, 996).
To the extent that the father contends that his due process rights were violated, this contention is without merit. Although "[a]bsent unusual justifiable circumstances, a parent's rights should not be terminated without his or her presence at the hearing" (Matter of Brandon Robert LaC., 26 AD3d 211, 212), under the circumstances presented here, the Family Court did not improvidently exercise its discretion in conducting the fact-finding hearing in the father's absence (see Matter of Jesse XX. v Danielle YY., 173 AD3d 1277, 1277-1279; cf. Matter of Kendra M., 175 AD2d 657).
Accordingly, the Family Court providently exercised its discretion in denying the father's motion to vacate his default in appearing at the fact-finding hearing.
The father's remaining contentions are without merit.
DILLON, J.P., IANNACCI, MALTESE and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court