Matter of Aviana R. (Victoria E.) (2024 NY Slip Op 03431)

Matter of Aviana R. (Victoria E.)

2024 NY Slip Op 03431

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-05130
2023-05135
2023-05152
 (Docket Nos. N-9479-18, N-9480-18, N-9481-18, B-7964-20, B-7965-20, B-7966-20)

[*1]In the Matter of Aviana R. (Anonymous). HeartShare St. Vincent's Services, et al., petitioners-respondents; Victoria E. (Anonymous), appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Hunter R. (Anonymous). HeartShare St. Vincent's Services, et al., petitioners-respondents; Victoria E. (Anonymous), appellant, et al., respondent. (Proceeding No. 2.)
In the Matter of Savannah R. (Anonymous). HeartShare St. Vincent's Services, et al., petitioners-respondents; Victoria E. (Anonymous), appellant, et al., respondent. (Proceeding No. 3.)

Elliot Green, Brooklyn, NY, for appellant.
Geoffrey P. Berman, Larchmont, NY, for petitioner-respondent HeartShare St. Vincent's Services.
Twyla Carter, New York, NY (Dawne A. Mitchell and Claire V. Merkine of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10 and Social Services Law § 384-b, the mother appeals from (1) an order of fact-finding and disposition of the Family Court, Queens County (Joan L. Piccirillo, J.), dated January 14, 2019, concerning the proceedings pursuant to Family Court Act article 10, (2) a determination of the same court, made after fact-finding and dispositional hearings, which occurred on March 14, 2023, concerning the proceedings pursuant to Social Services Law § 384-b, and (3) an order of the same court dated May 30, 2023. The order of fact-finding and disposition, insofar as appealed from, upon the mother's consent to a finding of neglect without admission pursuant to Family Court Act § 1051(a), found that the mother neglected the subject children and placed the subject children in the custody of the Commissioner of Social Services of the City of New York. The determination which occurred on March 14, 2023, [*2]upon the mother's failure to appear at the fact-finding and dispositional hearings, found that the mother permanently neglected the subject children and directed the termination of the mother's parental rights. The order dated May 30, 2023, denied the mother's motion pursuant to CPLR 5015(a) to vacate her default in appearing at the fact-finding and dispositional hearings, in the proceedings pursuant to Social Services Law § 384-b.
ORDERED that the appeals from the order of fact-finding and disposition and the determination which occurred on March 14, 2023, are dismissed, without costs or disbursements; and it is further,
ORDERED that on the Court's own motion, the notice of appeal from the order dated May 30, 2023, is deemed to be an application for leave to appeal from that order, and leave to appeal from that order is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated May 30, 2023, is affirmed, without costs or disbursements.
In proceedings pursuant to Family Court Act article 10, the mother consented to the entry of a finding of neglect without admission pursuant to Family Court Act § 1051(a). In an order of fact-finding and disposition dated January 14, 2019, the Family Court, inter alia, entered a finding of neglect against the mother and placed the subject children in the custody of the Commissioner of Social Services of the City of New York. Thereafter, HeartShare St. Vincent's Services commenced proceedings pursuant to Social Services Law § 384-b, among other things, to terminate the mother's parental rights to the children on the ground of permanent neglect. On March 14, 2023, the mother failed to appear, and fact-finding and dispositional hearings were held in her absence. Following the hearings, the court found, inter alia, that the mother permanently neglected the children and directed the termination of her parental rights. The mother subsequently moved pursuant to CPLR 5015(a) to vacate her default in failing to appear at the fact-finding and dispositional hearings in the proceedings pursuant to Social Services Law § 384-b. In an order dated May 30, 2023, the court denied the mother's motion. The mother appeals.
The appeal from the order of fact-finding and disposition must be dismissed, as the finding of neglect was made upon the consent of the appealing party and the mother does not raise any issue concerning the disposition (see Matter of Violet P. [Catherine P.], 199 AD3d 810, 811). Additionally, the appeal from the determination which occurred on March 14, 2023, must be dismissed, on the ground that no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509).
The determination of whether to relieve a party of a default is within the sound discretion of the Family Court (see Matter of Caden Y.L. [Kathy L.], 198 AD3d 780, 781; Matter of Brandon G. [Tiynia M.], 155 AD3d 626, 626). "A parent seeking to vacate a default in a proceeding for the termination of parental rights must establish a reasonable excuse for the default and a potentially meritorious defense to the relief sought in the petition" (Matter of Harlem H.H. [Coty H.], 218 AD3d 579, 581; see CPLR 5015[a][1]; Matter of Caden Y.L. [Kathy L.], 198 AD3d at 781).
Here, the mother failed to establish a reasonable excuse for her failure to appear at the fact-finding and dispositional hearings in the proceedings pursuant to Social Services Law § 384-b. Although the mother claimed that she had been hospitalized the day prior to the hearings, she failed to submit any documents to substantiate this claim (see Matter of Elysia R.M. [Shamaya M.], 161 AD3d 870, 871; Matter of Raphanello J.N.L.L. [Rasheem L.], 119 AD3d 580, 580). In addition, the mother failed to explain why she did not contact her attorney or the Family Court regarding her inability to appear on the scheduled date (see Matter of Justyn H. [Laverne H.], 191 AD3d 877, 878). Since the mother failed to set forth a reasonable excuse for her default, we need not reach the issue of whether the mother demonstrated that she had a potentially meritorious defense to the relief sought in the termination of parental rights petitions (see Matter of Malcome X.K. [Amber N.M.], 179 AD3d 684, 685).
Accordingly, the Family Court providently exercised its discretion in denying the mother's motion to vacate her default in appearing at the fact-finding and dispositional hearings which occurred on March 14, 2023.
BRATHWAITE NELSON, J.P., MALTESE, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court