Matter of Marquise T.S. v Shantae R.R. (2024 NY Slip Op 06316)

Matter of Marquise T.S. v Shantae R.R.

2024 NY Slip Op 06316

Decided on December 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 17, 2024

Before: Manzanet-Daniels, J.P., Webber, Moulton, Rodriguez, Rosado, JJ. 

Docket No. V-02937/21, V-10887/21 Appeal No. 3259 Case No. 2023-03155 

[*1]In the Matter of Marquise T.S. Sr., Petitioner-Respondent,
v
Shantae R.R., Respondent-Appellant.

Daniel X Robinson, New York, for appellant.
Bruce A. Young, New York, for respondent.
Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), attorney for the child.

Appeal from final order of custody and visitation, Family Court, Bronx County (Douglas E. Hoffman, J.), entered on or about April 20, 2023, which, on consent of the parties, granted sole legal and residential custody of the subject child to the respondent father with parenting time to the appellant mother (mother), unanimously dismissed, without costs, as taken from a nonappealable order.
Upon review of the mother's assigned counsel's motion and the record, we find that the subject order is nonappealable and dismiss her appeal. The mother consented to the final order of custody and is therefore not an aggrieved party within the meaning of CPLR 5511 (see Matter of J.V. [Shelly R.—Erikson P.], 226 AD3d 609, 610 [1st Dept 2024]; Matter of Adrianna M.F. [Shanikqa C.F.], 212 AD3d 461 [1st Dept 2023]); further, appeal is not the appropriate remedy here (see CPLR 5015[a]; Matter of Jessica M. v Julio G.R., 176 AD3d 584, 585 [1st Dept 2019]). Therefore, the application by the mother's assigned counsel to withdraw as counsel is granted. As such, we do not reach the issue raised by the mother's assigned counsel pertaining to the existence of nonfrivolous issues that could be raised on appeal (see Anders v California, 386 US 738 [1967]; People v Saunders, 52 AD2d 833 [1st Dept 1976]), and instead sua sponte relieve assigned counsel from the representation of the mother, as his representation on this appeal has been rendered moot by virtue of this order. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2024